## JONES v. VANTRESS.

VENDOR'S LIEN.—A vendor's lien is not waived by an agreement to receive a mortgage, till the mortgage is executed and delivered.

PARTIES.—It is the duty of the court, when it becomes apparent that heirs are necessary parties to the final disposition of a case, to order them to be brought into court.

APPEAL from the *Warren* Common Pleas.

RAY, CH. J.—Complaint upon a note, and averment that the consideration of the same was the purchase money of real estate, and asking to have the vendor's lien declared. Finding by the court in favor of the plaintiff for the amount of the note, and refusal to admit the vendor's lien. The evidence clearly shows that the plaintiff was entitled to have his lien enforced.

The agreement to receive a mortgage was no waiver of the lien until the mortgage was executed and delivered. *Dubois* v. *Hull,* 43 Barb. It was the duty of the court, however, when it became apparent that the heirs were necessary parties to a final disposition of the case, to order them to be brought into court. Section 22 of the act "concerning the civil procedure of courts," provides that "when a complete determination of the controversy can not be had without the presence of other parties, the court must cause them to be joined as proper parties." This should have been done by the plaintiff when he commenced his action.

The case is reversed, and all the costs in the case ordered to be taxed to the appellant, and the heirs made parties defendant to the action.

*J. McCabe,* for appellant.
*Joseph H. Brown,* for appellee.