Filed Jan. 8, 1891.

---

No. 14,312.

THE FIRST NATIONAL BANK OF HUNTINGTON *v.* WILLIAMS ET AL.

FORMER ADJUDICATION.—*Question not Raised.—Motion to Dismiss Complaint.* —Where the pleadings do not show affirmatively that there has been an adjudication of the questions presented, a motion to dismiss on the ground of a former adjudication may be properly overruled.

SAME.—*Improper Presentation of Question.*—Where a cross-complaint is demurred to on the ground that the questions presented are the same as presented in a former case, but the cross-complaint contains no reference to the former action, the question of *res judicata* is not properly presented by the demurrer, and it is not error to overrule it.

PRACTICE.—*Reversal of Erroneous Ruling by Trial Court.*—Where the trial court makes a ruling and afterwards during the progress of the case is convinced that the ruling is erroneous, it may of its own motion reconsider and reverse it.

SAME.—*Harmless Error.*—Available error can not be predicated on the overruling of a demurrer to a complaint where judgment is rendered against the plaintiff and is not appealed from.

SAME.—*Action for Cancellation of Judgment.—Separate Issues Joined on Complaint and Cross-Complaint.—New Trial.*—Where the principal instituted an action to cancel a judgment against him and the surety, and the surety, who was made a party defendant, also sought in his cross-complaint the cancellation of the judgment as to him, and separate issues were joined, their rights were separate and distinct, and it was not error to grant a new trial to the surety, who was entitled to it, and deny it to the principal who was not.

ESTOPPEL.—*Representations to Surety.*—Where a creditor represented to the

The First National Bank of Huntington *v.* Williams *et al.*

surety of the debtor that a certain note and mortgage executed by the debtor were delivered to the judgment creditor as collateral security for the note executed by the surety, and for other notes of the debtor in the hands of the creditor, and that the surety should be free from liability by seeing to it that the land covered by the mortgage sold for enough to satisfy it, and represented to the surety, after judgment upon the note executed as collateral security, that if the mortgaged premises sold for enough to satisfy the judgment on such note he would have nothing to pay, he is not estopped to enforce his judgment against the surety, where it does not appear that the surety acted upon the representations made.

JUDICIAL NOTICE.—*Supreme Court.—Pleadings in Former Case.*—This court will take judicial notice of the pleadings, issues and judgment in a former case decided by it.

From the Huntington Circuit Court.

*W. H. Trammel*, for appellant.

*B. F. Ibach, L. P. Milligan, O. W. Whitelock, J. C. Branyan* and *M. L. Spencer*, for appellees.

OLDS, C. J.—The complaint in this case is by Oliver Williams to cancel a judgment rendered in favor of the appellant against said Williams and William H. Helm, in the Huntington Circuit Court on December 31st, 1878, for $663.07, in which Helm was adjudged surety for said Williams, and to enjoin proceedings upon the execution issued thereon. Defendant Helm filed a cross-complaint asking that the sheriff, Bowman, be enjoined from selling property on said execution, and that appellant be enjoined from collecting said judgment. The appellant moved to dismiss the complaint and cross-complaint, on the grounds that there had been a former adjudication of the question sought to be litigated by said complaint and cross-complaint. The court overruled the motion. This ruling of the court is assigned as error, and is the first question discussed. There is no error in the ruling, the question of *res judicata* can not be presented in this way. The pleadings do not affirmatively show that there had been an adjudication of the questions presented.

The next alleged error is that the court erred in reconsidering its ruling on the demurrer to Helm's cross-complaint. This the court had the right to do. If the court made a ruling upon the demurrer and was afterwards, during the progress of the case, convinced that such ruling was erroneous it had the right, of its own motion, to reconsider and reverse its ruling, giving the party against whom such ruling was made an exception, and it does not appear that the appellant was harmed by such action of the court.

The next alleged error discussed is the ruling of the court in overruling the demurrers to the complaint of Williams and the cross-complaint of Helm. There is no available error in the ruling on the demurrers to the complaint even if the complaint was bad, for there was a finding and judgment against the plaintiff Williams, and he has not appealed from the judgment. It seems there was a former case brought by Helm against Williams and the appellant herein to cancel said judgment, in which there was a trial resulting in favor of the appellant, and an appeal taken by Helm to this court and the judgment affirmed (91 Ind. 44), and the only theory upon which it is urged that the court erred in overruling the demurrer to Helm's cross-complaint in this action is, that the questions presented by the cross-complaint are the same as presented in the former case, and the court will take judicial notice of the former case, the pleadings, issues and judgment, in ruling upon the demurrers in this case.

The cross-complaint in no way refers to the former case of *Helm* v. *First Nat'l Bank* appealed to this court. There is nothing in this contention of counsel. If it is desired to raise the question of *res judicata* it must be pleaded.

There was a trial of the cause and a finding of facts by the court. Motions made by appellant for judgment were overruled, and a motion made for a new trial by Helm was granted; these rulings are assigned as error. There is no question presented by the record in regard to such rulings. The grant-

ing of a new trial to Helm set aside the former trial, and the finding of the court as to him, and left the case open for a new trial. It is objected that the court erred in overruling the plaintiff Williams's motion for a new trial, and granting a new trial to Helm on his motion, but there was no error in this, if Helm was entitled to a new trial and Williams was not. Their rights were separate and distinct. Williams brought the suit, and stated his cause of action against the appellant, and made Helm a party; Helm filed a cross-complaint, setting out facts which entitled him to relief against the judgment, and issues were joined on both the complaint and cross-complaint. The rights of the plaintiff and cross-complainant Helm were separate, based upon a different state of facts, and separate issues were joined on the plaintiff's complaint, and the cross-complaint of Helm, although the end sought by each of the parties was to cancel the judgment as to himself. Helm would have had the right to maintain his action separately, and independent of the suit brought by the plaintiff Williams.

Appellant filed an answer, setting up the former judgment in the case of *Helm* v. *First Nat'l Bank,* 91 Ind. 44. Upon the last trial of the case, on proper request, there was a special finding of facts by the court and conclusions of law stated, upon which final judgment was rendered in favor of Helm. The appellant excepted to the conclusions of law, and assigns error that the court erred in its conclusions of law.

The court made the following finding of facts:

" *First.* The court finds that, on the 22d day of March, 1878, said Oliver Williams and William Helm executed their note for $600, with interest at ten per cent. per annum and five per cent. attorney's fees to the said First National Bank of Huntington, Indiana, payable in 90 days; that said Williams executed said note as principal and said Helm as surety.

"*Second.* That said note was delivered to said bank on the

28th day of March, 1878, as collateral security for debts then due said bank.

"*Third.* That afterwards, to wit, on the 22d day of May, 1878, said Williams executed to said bank his promissory note for $3,200, with interest at ten per cent. per annum and five per cent. attorney's fees, and executed a mortgage to secure the same on certain lands situate in Wells county, Indiana, which note and mortgage were delivered to said bank as collateral security for other notes of said Williams held by said bank, which note of $600, of said Williams and Helm, was included in and covered by said note of $3,200.

"*Fourth.* That, on the 31st of December, 1878, judgment was rendered in said court in favor of said bank against said Oliver Williams, as principal, and said Helm, as surety, on said $600 note, for the sum of $663, and costs, requiring said bank to levy and exhaust the property of said Williams before levying upon the property of said Helm.

"*Fifth.* That the said bank represented to said Helm that said note for $3,200, together with the mortgage, was executed and delivered to said bank as collateral security for said $600 note executed by said Helm as surety, and for other notes held by said bank against said Williams, and that all that was necessary for Helm to do to protect himself against liability on said $600 note was to see to it that the land covered by said mortgage sold for enough to equal the amount of said mortgage debt and costs.

"*Sixth.* That afterwards, to wit, on the 19th day of September, 1879, judgment was rendered by the Wells Circuit Court in favor of said bank on said note of $3,200, and costs taxed at $20.45; that said lands were duly sold by the sheriff of Wells county, Indiana, to said bank for the sum of $3,919.68, being in full of said judgment and costs of sale thereof, and obtained a sheriff's certificate, and afterwards a sheriff's deed, and afterwards, and after the year for redemption had expired, said bank sold said land for the sum of $4,800.

"*Seventh.* That from the date of the judgment on said note of $600, up to the time that judgment of foreclosure was rendered on the $3,200 note, the said bank from time to time assured said Helm that if the mortgaged premises sold for enough to satisfy the judgment on the $3,200, he, Helm, would have nothing to pay on the judgment on the $600 note, and that the said Helm relied upon said representations and assurances.

"*Eighth.* That there was no stay of execution on the judgment for $600, and that said Helm paid the costs connected with the rendition of the judgment on the $600 note and attorney's fee.

"*Ninth.* That a short time after said lands of said Williams were sold to satisfy said judgment on the $3,200 note and the costs thereon, said Williams became insolvent, and has continued to be insolvent ever since.

"*Tenth.* That no execution has ever been ordered or issued to the sheriff of Wells county, Indiana, or against the property of said Williams in said Wells county, nor was any execution ordered or issued against said Williams directing a levy to be first made on property of said Williams to satisfy said judgment against Williams and Helm.

"*Eleventh.* That after the return of the execution unsatisfied the said bank caused to be issued a *venditioni exponas* for the sale of the property of defendant Helm levied upon by virtue of said execution."

From the foregoing facts the court drew the following conclusions of law : " That the said bank is estopped from asserting any right to enforce the judgment on said $600 note against said Helm, and that said Helm is entitled to a perpetual injunction restraining said bank from enforcing said judgment against him." The appellant also moved the court for a new trial, by which the sufficiency of the evidence to sustain the finding is questioned. The transcript of the record and former judgment, including the judgment on appeal to this court, was in evidence. The question as to

whether the $600 note was included in the $3,200 note, and whether the judgment on the $600 note was satisfied by the payment of the $3,200 note, was in issue in that case, and was tried and determined in favor of the appellant. The adjudication in the former case upon those questions was final and put them at rest forever as between these parties, and the finding in this case that the $600 was included and covered by the $3,200 note is not supported by the evidence, and is in direct conflict with the former judgment, which former judgment estops the parties from again litigating the same question. When this fact is eliminated from the finding, which it must be, there are no facts found authorizing the conclusions of law drawn by the court. The judgment on the $600 note is against Williams, as principal, and Helm, as surety, and requires that the property of Williams be exhausted before levying on the property of Helm, but the facts found show that Williams has no property subject to execution, hence no necessity exists for the issuing of an execution to be first levied of the goods of Williams as no good would be accomplished by it, and the law requires no useless thing to be done, but even if notwithstanding the fact that Williams has no property subject to execution, yet appellant would be compelled to go through the form of having an execution issued against his property and a return of no property as to Williams, the conclusions of law and judgment would be erroneous, for in that event the appellant could only be required to first proceed to exhaust the property of Williams before levying upon the property of Helm. As we have said, there are no facts found authorizing the conclusions of law.

To constitute an estoppel there must be : 1. A representation or concealment of material facts. 2. The representation must have been made with knowledge of the facts. 3. The party to whom it was made must have been ignorant of the truth of the matter. 4. It must have been made with the intention that the other party should act upon it. 5. The

other party must have been induced to act upon it. *Watts* v. *Julian*, 122 Ind. 124; *Hosford* v. *Johnson*, 74 Ind. 479; Bigelow Estoppel (5th ed.), p. 570.

To authorize a conclusion of law that the party is estopped the facts must be found clearly showing these five elements. In this case it is found that some representations were made by the bank officers, but it is not found that the appellee Helm acted upon them; that he did anything that he would not have done in the absence of the representations, or that he refrained from doing anything that he would have done had it not been for the representations. It is not shown that he was harmed by such representations. In the absence of a finding that he acted upon the representations, it does not authorize or constitute estoppel, even if all the other elements necessary to constitute an estoppel were found to exist. Bigelow Estoppel, *supra*, pp. 638, 639. It is exceedingly questionable whether or not the former adjudication to enjoin the collection of this judgment does not bar the appellee's right to maintain this action, based, as it is sought to be, on slightly different grounds. It is sought to enjoin the collection of the judgment now, on the ground that appellant is estopped on account of certain representations made by its officers to the appellee; these representations were made, and were known to the appellee prior to the commencement of the former suit, and it is doubtful if he can divide his causes of action for enjoining the judgment by commencing one case alleging one state of facts, and when defeated commence another case alleging some other and additional facts, the action being for the same purpose; but it is not necessary to decide this question, and in view of the irregularity, informality, and bad condition of the record in this case we pass upon only such questions as are necessary for the disposition of it.

For the reasons we have stated, that the evidence does not sustain the finding, and the court erred in its conclusions of law, the judgment must be reversed. ·

Judgment reversed, at costs of appellee, with instructions to the court below to grant a new trial.

