BARNARD *v.* KRUZAN ET AL.

[No. 27,835.   Filed February 1, 1943.   Rehearing denied
March 1, 1943.]

*Bauer & Kincade,* of Terre Haute, for appellant.

*Louis D. Leveque, Thomas F. O'Mara,* and *Cooper,*

*Royce, Gambill & Crawford,* all of Terre Haute, for appellees.

SWAIM, J.—The appellee, George Kruzan, as a taxpayer of the City of Terre Haute, Indiana, filed this action on July 23, 1938, for and on behalf of himself and all other taxpayers similarly situated. The complaint alleged that William S. Rea, deceased, by his last will and testament, established a trust fund of $150,000 for the use and benefit of said city, which fund was to be held by the trustee until such time as the fund and its accumulations should amount to the total sum of $300,000, or until such time as the city should have raised and made available a sum which, together with the trust fund, would be sufficient to pay the entire cost of providing for a right of way and the construction of a new sewer system for the City of Terre Haute; and that the bequest also provided that in the event the City of Terre Haute failed to accept said gift within two years, or failed to provide such additional funds, the bequest should be paid over to Rose Polytechnic Institute of Terre Haute, Indiana.

The complaint further alleged that the city had accepted the gift within the two-year period; that the city and said Rose Polytechnic Institute each demanded of the trustee that the total amount of the trust funds be paid to it to the exclusion of the other beneficiary; that a portion of the trust consisted of real estate which had never been reduced to cash and a portion thereof consisted of mortgage loans, which had never been collected; that it was impossible to determine whether the total fund amounted to $300,000 without converting the assets into cash; that the plaintiff disagreed with any admission made by the city and its officers to the effect that the total of said fund already amounted to $300,000, and further disagreed with said defendant city in that

plaintiff contended that, until the report of the trustee should be approved and the amount of the trustee's compensation determined, the total amount of said fund could not be determined or the distribution thereof be lawfully made.

The complaint also questioned the validity of the condition that the fund be held until it had doubled in amount and also questioned whether the fund did not, therefore, immediately become the property of the City of Terre Haute; and as to whether if the claims of Rose Polytechnic Institute to the fund accrued at the time of its original deposit, it was not now barred by the statute of limitations.

The prayer of the complaint was that the court should construe the said will, determine each of the questions raised, terminate said trust and require the trustee to transfer and pay over said trust fund to said city for the purposes mentioned in said trust.

To this complaint the defendant, Rose Polytechnic Institute, on March 3, 1941, filed answer and also filed a cross-complaint which alleged that the said city had failed to meet the conditions of said trust bequest; that said Rose Polytechnic Institute had made demand on the trustee for said trust fund; and that it was entitled to the payment and transfer of said trust fund by the trustee. The prayer of the cross-complaint was that said trustee be ordered and directed to terminate the trust, make due accounting therefor, and pay to said cross-complainant said trust fund and all additions and accretions thereto.

On March 18, 1941, the appellant, Horace Barnard, filed his petition to intervene in said action as a party plaintiff, alleging that he was a member of the class for whom the action was brought; that since the bringing of the action the said Kruzan had become the city

comptroller of the City of Terre Haute and was no longer the plaintiff on behalf of other taxpayers similarly situated, but should in fact be a defendant to said action; that if said Kruzan should be permitted to be sole plaintiff the case would be compromised and settled to the detriment of all the other taxpayers; that said Kruzan had not prosecuted the action since it was filed and did not intend to prosecute it; that if he should be permitted to continue as the sole plaintiff there would be collusion and fraud, all to the detriment and irreparable injury of said taxpayers.

The plaintiff, Kruzan, filed a motion to strike out the petition to intervene and the action of the court on this motion is shown by the following entry:

". . . and the court examines said motion and sustains same, which ruling of the court the said Horace Barnard, the intervener excepts, and the motion to intervene is disallowed, as this suit was brought by the plaintiff George Kruzan on behalf of himself and all other taxpayers similarly situated and petitioner to intervene cannot be harmed."
Thereafter the court entered the following judgment:

"The Court having on April 2, 1941, sustained a motion to strike out petition to intervene and intervening disallowed.

"It is therefore ordered, considered, adjudged and decreed by the Court that the petitioner and intervener, Horace Barnard, take nothing by his petition to intervene herein, to which ruling of the Court said petitioner and intervener at the time excepts."

From this judgment the appellant has appealed, assigning as error that the court erred in sustaining the motion of the appellee to strike out the petition of the appellant to intervene.

The appellee has filed a motion to dismiss this appeal. The first and third grounds therefor are based on the

premise that the complaint was for a declaratory judgment.

Both the complaint and cross-complaint asserted the immediate right to the possession of the trust fund by the two claimants, demanded the termination of the trust and the transfer and payment of the trust fund. This did not constitute an action for a declaratory judgment. It is true that the determination of the rights of the parties under the will was necessary, but the primary purpose of both the complaint and the cross-complaint was to terminate the trust and to obtain the immediate possession of the trust fund.

The second reason assigned for dismissal is that the record shows that the petition of the appellant to intervene was considered and determined on its merits and that since the record does not contain a bill of exceptions showing all of the evidence, the appeal should be dismissed. If the petition had been considered on its merits, the failure to include in the record a bill of exceptions showing the evidence would, at most, entitle the appellee to an affirmance of the judgment, but not to a dismissal of the appeal.

On the error assigned by the appellant he insists that his petition to intervene alleged proper grounds for intervention and that the record affirmatively shows that the petition was not considered on its merits but was struck out without hearing any evidence. We agree with this contention. The motion of the plaintiff to strike out the petition alleged: (1) that the petition was not verified; (2) that it contained scandalous matter; (3) that it indulged in speculation and did not show "that the alleged intervener has any knowledge himself of the intention of said George Kruzan or of any collusion or fraud and is not even signed by

the intervener himself"; (4) that the scandalous matter was a reflection upon the court because no compromise, settlement or dismissal of the cause could be made without the approval of the court. No attempt is made in the motion to controvert the truth of the allegations of the petition to intervene.

We have no statute or rule which requires the verification of a petition to intervene. It is expressly provided by statute that every pleading in a court of record must be subscribed by the petitioner or his attorney. § 2-1027, Burns' 1933, § 131, Baldwin's 1934. It was not necessary that the petition show how the intervener knew the intention of the said Kruzan, nor how he knew that there would be collusion or fraud. Section 2-1005, Burns' 1933, § 155, Baldwin's 1934, expressly provides that all conclusions stated in any pleadings, filed in any court, shall be considered and held to be the allegations of all the facts required to sustain said conclusions when the same is necessary to the sufficiency of such pleading. All of the grounds for striking out the petition went only to the form and execution of the petition and did not purport to join an issue on the merits of the petition. It is significant to note that in the last paragraph of the motion to strike out the petition, the appellee Kruzan said "that the plaintiff is reserving the right to file further motions, demurrers or answers to said petition hereafter if the same be necessary." This would seem to show, very clearly, that the pleader did not consider that by his motion he had joined issues on the merits of the petition to intervene. Since no other pleading was filed to the petition to intervene no issue was formed which presented the merits of this petition for the determination of the court.

Section 2-1054, Burns' 1933, § 159, Baldwin's 1934,

provides that a pleading may be struck out when it plainly appears on the face thereof to be false in fact and intended merely for delay, or when shown to be so by the answers of the petitioner, to specially written interrogatories propounded to him to ascertain if it is false. The petition here did not show on its face that it was false nor were there any interrogatories. It was not such a sham pleading as could be struck out under the provisions of this statute.

It has been many times held that a court is bound to purge its records of scandal and where a pleading filed in court is of such a character that the scandalous portion cannot be stricken out without affecting the meaning of the remaining portion, the pleading should be stricken out as a whole. This court has said, however, that allegations which are pertinent cannot be scandalous; that if the allegations are material to the issue they cannot be scandalous even though they be false. *Huffman* v. *State* (1915), 183 Ind. 698, 109 N. E. 401, 109 N. E. 748.

Here the allegations of which the appellee Kruzan complained as being scandalous were: "that if the said George Kruzan is permitted to be the sole plaintiff in said action there will be collusion and fraud"; and "the said case would be compromised and settled to the detriment of all other taxpayers"; and also "That the said George Kruzan does not now intend to prosecute the above entitled cause of action." All of these allegations were clearly material to show the right to intervene and therefore could not constitute such scandalous matter as to justify striking out either these allegations or the pleading.

The entry made by the court said that "the court examines said motion (the motion to strike out the

intervening petition) and sustains same." This ▮ action completely disposed of the petition to intervene. It is true that the entry went ahead to recite "and the motion to intervene is disallowed, as this suit was brought by the plaintiff, George Kruzan on behalf of himself and all other taxpayers similarly situated and petitioner to intervene can not be harmed." Since the petition had already been struck out, it had ceased to be before the court for consideration on the merits, and, therefore, could not be then disallowed by the court. The judgment later entered on this ruling recited: "the court having, on April 2, 1941, sustained a motion to strike out petition to intervene and intervening disallowed." Again placing the action of the court in striking out the petition ahead of the action of the disallowance of the petition.

Considering this record as a whole we think it clearly appears that the petition to intervene was not considered on its merits and that no evidence was heard by the court on the petition.

Section 2-220, Burns' 1933, § 35, Baldwin's 1934, provides that where an action presents a question which is of common and general interest to many persons, ▮▮ or where the parties are numerous and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole. Here the one plaintiff, Kruzan, filed the action on behalf of himself and all other taxpayers of the City of Terre Haute. As pointed out in 39 Am. Jur. p. 922, § 48, where "one or a few parties are permitted to sue and defend on behalf of many, care must be taken that a party or parties to the record fairly represent the interest or right involved, so that it may be fully and honestly tried. There should be such representation as will afford protection against the fraudulent and col-

lusive sacrifice of rights of absent parties. . . ." And as said in 39 Am. Jur. p. 936, § 62, "In many instances, persons not made nominal parties to the action or proceeding are, nevertheless, represented by such parties, and therefore are, in the absence of collusion, bound by the judgment. Frequently in such cases, persons who are members of the class on whose behalf suit is brought are permitted to intervene. There is, however, no absolute right to intervene in such cases, and the right to do so may be denied by the court in the exercise of its discretion, and the discretion will usually be so exercised when there is no suggestion of fraud or collusion or that the representative will not act in good faith for the protection of all interests represented by him."

In *Siegel* v. *Archer* (1937), 212 Ind. 599, 603, 10 N. E. (2d) 626, 628, this court said that a member of the class for whom a class suit is being prosecuted "is entitled to be named as a party plaintiff upon a showing that the original plaintiff is allowing the interests of the members of the class to be jeopardized. Assuming any merit in the class suit, as asserted by the named plaintiff, a voluntary dismissal by the named plaintiff would adversely affect the interests of the members of the class. In our opinion a member of a class who desires to continue the class suit is entitled as a matter of right to be named as a party plaintiff if the named plaintiff is in fact intending voluntarily to dismiss the suit as to the class."

In the instant case the petitioner, by his petition, showed himself to be a member of the class for whom the action had been filed. He alleged that the original plaintiff was going to act, in the conduct of the law suit, in a manner which would be prejudicial to the rights of the other members of the

class. Since the petition was struck out without any consideration as to its merits and without any evidence being heard in relation thereto we must accept the allegations of the petition as true. If the allegations were true it was an abuse of discretion on the part of the trial court to refuse the petitioner the right to intervening petition, and for further proceedings not therefore, error to strike out the petition of the appellant to intervene.

The judgment is reversed with instructions to the trial court to overrule said motion to strike out the intervene, in said action, as a party plaintiff. It was, inconsistent with this opinion.

NOTE.—Reported in 46 N. E. (2d) 238.