CHUMLEY *v.* ROLAND ET AL.

[No. 18,966. Filed February 16, 1959.]

*Frank M. Fish,* of Evansville, for appellant.

*Isadore J. Fine, Joe S. Hatfield, Charles H. Sparren-berger, Eugene P. Fine, Fine, Hatfield, Sparrenberger & Fine* and *Edward E. Meyer,* of counsel, all of Evansville, for appellee Mary Roland.

GONAS, P. J.—This is an appeal from a judgment of the Superior Court of Vanderburg County whereby the appellant Elmer H. Chumley was denied the right to intervene as a party defendant in a suit pending in said court, in which the appellee Mary Roland is the plaintiff and the appellee Charlene Chumley is the defendant. From the record before us it appears that on July 1, 1954, the appellee Mary Roland was the owner of business property in the city of Evansville, Indiana, commonly known as numbers 1948-1950 Division Street, and on said day she leased the same for one year to the appellee Charlene Chumley, whose name was then Charlene Wardlow. Subsequently said lease was extended by mutual agreement of the parties to expire at the close of business on July 15, 1956. For reasons not disclosed by the record said lease was abandoned by the appellee Charlene Chumley prior to its expiration and the premises vacated. Claiming that while in possession of the leased property said appellee had committed extensive waste thereof by the removal of fixtures permanently attached to and constituting a part of the leased real estate, the appellee Mary Roland brought this suit against said Charlene Chumley to recover resulting damages.

Thereupon the appellant filed a petition in said cause to intervene as a party defendant and in said petition

he alleges that subsequent to the execution of the lease involved he married the lessee Charlene Wardlow and became her business partner and as such she assigned to him an interest in all of the assets of the business she was then conducting on the leased premises, including the fixtures and installations claimed by Mary Roland to have been wrongfully removed. That such assignment by his wife to him of an interest in her business also included a proportionate interest in the lease in question, all of which the appellee Mary Roland well knew and to all of which she consented and agreed. That as his wife's business partner and part owner of all of the fixtures alleged to have been unlawfully removed from the premises he has a financial interest in the outcome of this cause of action and that a complete determination thereof cannot be had without his presence as a party defendant.

Objections to the above petition to intervene filed by the appellee Mary Roland were overruled by Judge Pro Tem and the appellant Elmer H. Chumley was made a party defendant to the suit. Thereafter, during the same term of court, the appellee Mary Roland filed a motion seeking to have the court reconsider its ruling on the appellant's petition to intervene, which the court, by its regular Judge, granted, and upon such reconsideration reversed its prior ruling and denied the appellant's said petition. This, the appellant charges, was error for the following reasons:

(1) His petition pleads facts clearly showing that he is a necessary party to this litigation;

(2) Even though it should be held that the appellant is not a necessary party to the action, he is a proper party and under the facts pleaded the court abused its discretion in denying him the right to intervene; and

(3) By originally granting appellant's petition to

intervene the matter of his right to do so was completely disposed of and was no longer before the court for any purpose whatsoever.

In support of his Proposition (1) the appellant cited §2-222, Burns' 1946 Replacement, the pertinent part of which reads as follows:

". . . when a complete determination of the controversy can not be had without the presence of other parties, the court must cause them to be joined as proper parties. And when, in an action for the recovery of real or personal property, a person not a party to the action, but having an interest in the subject thereof, makes application to the court to be made a party, it may order him to be made a party by the proper amendment."

The first clause of this section is an imperative command and if the pleadings herein indicate that a complete determination of this controversy cannot be had without bringing the appellant into it, then the court's refusal to join him as a party defendant was error. It therefore becomes essential that we examine the pleadings of this case for the particular purpose of determining whether the facts pleaded show the appellant to be a necessary party to a complete determination of the case pleaded in the complaint. In doing so we are mindful of the rule that a new party defendant cannot be brought into an action for the mere purpose of settling a controversy between him and the original defendant or defendants. *Larue* v. *American, etc., Engine Co.* (1911), 176 Ind. 609, 96 N. E. 772; *Hunter* v. *First Nat. Bank* (1909), 172 Ind. 62, 87 N. E. 734.

The complaint herein clearly indicates that it proceeds upon the theory that the appellee Mary Roland, as the lessor, and the appellee Charlene Chumley nee Charlene Wardlow, as the lessee, entered into a written lease of the premises therein

described; that as such tenant the said Charlene Chumley committed waste thereof to the appellee Roland's damage in the sum of $8000, for which she seeks personal judgment against the said Charlene Chumley only. There is no attempt to recover any of the property in which the appellant, by his petition to intervene, claims an interest. In fact, there is no attempt to recover any property of any kind from anybody. Nor does the appellant seek to affect in any manner the lease involved and in which the appellant claims an interest. The appellant's petition to intervene, resolved to its fundamentals, shows nothing more than that after the execution of the lease in question he married Charlene Wardlow and acquired an interest in the business she was then conducting on the leased premises as well as the assets thereof and in the lease itself. Such a showing is insufficient to make the appellant a necessary party. It discloses that his interest in this litigation arises indirectly and solely by reason of a business relationship with his wife, the appellee Charlene Chumley. The following holding of the Supreme Court in *Gibault Home* v. *Terre Haute First Nat. Bank* (1949), 227 Ind. 410, 85 N. E. 2d 824, seems controlling:

> "It is generally said that the interest referred to in statutes like our must be a direct and not consequential interest. It must be an interest which is proper to be determined in the action in which intervention is sought. It must be of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment; and if the interest in the subject of the litigation is not a direct or substantial interest, but is an indirect, inconsequential or contingent one, intervention is not proper. . . ."

With reference to the appellant's Proposition (2) it is observed that the second clause of the statute upon

which he relies seems to apply only to actions to recover real or personal property, thus excluding the present cause from its operation. However, in the interest of justice and to avoid a multiplicity of suits, it has been construed to apply to all civil actions. *Northern Ind. Land Co.* v. *Brown* (1914), 182 Ind. 438, 106 N. E. 706; *Karr* v. *Board, etc.* (1908), 170 Ind. 571, 85 N. E. 1. Nevertheless it is settled beyond dispute in Indiana that where one who is not a necessary party seeks to intervene, the court may exercise its discretion, and unless there is a clear abuse of discretion, no error is committed in denying the right to intervene. *Forsyth* v. *American Maize Products Co.* (1915), 59 Ind. App. 634, 108 N. E. 622; *Pottlitzer* v. *Citizens Trust Co.* (1915), 60 Ind. App. 45, 108 N. E. 36. It is apparent that if this case goes to judgment on the present complaint without the appellant's presence as a party defendant, it can result in nothing more prejudicial to him than a personal money judgment against his wife which, as a matter of law, is no prejudice whatsoever. Under such circumstances there was no abuse of discretion in the court's refusal to join him as a party defendant.

By his Proposition (3) the appellant, in effect, contends that the court had no jurisdiction to reconsider, modify or change its first order admitting him as a party defendant and as authority therefor he refers us to *Barnard* v. *Kruzan* (1943), 221 Ind. 208, 46 N. E. 2d 238. In that case the court sustained a motion to strike out a petition to intervene and later overruled it without its having been reinstated. The Supreme Court held that in striking the petition from the files the trial court completely disposed of the matter and there remained nothing for it to subsequently overrule. We see no analogy between that

case and the present situation. Here the appellant's petition was considered on its merits and granted but later, upon reconsideration, overruled. The petition remained in the record and without question the court, within the term in which it made its prior order, had the inherent power to reconsider such order and make a contrary ruling. *Maley* v. *Citizens Nat. Bank* (1950), 120 Ind. App. 642, 92 N. E. 2d 727; *The First National Bank of Huntington* v. *Williams et al.* (1890), 126 Ind. 423, 26 N. E. 75; *State ex rel. Lawson* v. *Stodola* (1948), 226 Ind. 631, 82 N. E. 2d 896. As was said in the Stodola case, *supra*, "The power of the court over its own civil judgments during the entire term at which they were rendered, is unlimited."

The record discloses no error and the judgment herein is therefore affirmed.

NOTE.—Reported in 156 N. E. 2d 106.