NOBLITT ET AL. *v*. METROPOLITAN PLAN COMMISSION, ETC. ET AL.

[No. 19,162. Filed February 21, 1961.]

*John H. Baldwin,* of Indianapolis, for appellants.

*William B. Patrick,* of Indianapolis, for appellee Metropolitan Plan Commission of Marion County, Board of Zoning Appeals.

*Steers, Klee, Jay & Sullivan, Arthur J. Sullivan* and *Lee M. LeMay,* of counsel, all of Indianapolis, for appellee, Bruce Lindenberg.

AX, C. J.—This is a companion case to Cause No. 19163, entitled "Walter A. Noblitt, et al. v. The Metropolitan Plan Commission of Marion County, Indiana, Board of Zoning Appeals, et al.," which was consolidated for the purpose of oral argument and was decided contemporaneously with this case.

Because some of the named appellees in this case are not the same as some of the named appellees in the other above referred to case, and in order to clarify the particular points of distinction in the two cases, it has become necessary to write separate opinions. Since the same fundamental principles of law are applicable in both cases, it necessarily follows that parts of this opinion will be somewhat repetitious with the opinion in the companion case.

The controversy involved in this appeal arose out of a variance originally granted by the Marion County Board of Zoning Appeals to Bruce Lindenberg, owner of certain land, to permit the construction of office rooms in an existing residence located in a residential area of Marion County, Indiana. The variance was later sustained by the Metropolitan Plan Commission of Marion County, Indiana, Board of Zoning Appeals. There-

after, the appellants (plaintiffs below), who are other property owners in the zoned area in which the variance was granted, filed a petition in the Circuit Court of Marion County, Indiana, for a writ of certiorari to review the decision of the defendant, Metropolitan Plan Commission of Marion County, Indiana, Board of Zoning Appeals, which had sustained the variance granted by the aforesaid Marion County Board of Zoning Appeals. The Circuit Court of Marion County entered judgment against appellants, finding that the decision of said Metropolitan Plan Commission of Marion County, Indiana, Board of Zoning Appeals, was legal and proper. Whereupon, the appellants filed a motion for new trial, which was overruled. This appeal is from that judgment.

In the trial below only the Metropolitan Plan Commission of Marion County, Indiana, Board of Zoning Appeals was named defendant. During the course of the proceedings below Bruce Lindenberg filed a special appearance and then later a motion to dismiss, asserting that he was the owner of the property involved and that the court did not have jurisdiction over either the subject matter or the parties. Appellants proceeded thereupon to file a demurrer to the motion to dismiss, asserting that Bruce Lindenberg was not a defendant in the cause and could therefore not properly file a motion to dismiss. No rulings were made upon these or certain other pleadings which were filed during the time this cause was pending for trial, but the court, with utter disregard to the motions pending, which certainly is not condoned by this court, proceeded to a determination of this action resulting in judgment for the defendants.

Appellants, in their motion for new trial argued that the trial court had erred by failing to rule on these

various motions and further that they were taken by surprise when the trial was held. It was appellants' contention that the issues were not closed in this action at the time the court ordered this cause to trial.

When the appellants filed their assignment of errors and transcript with this court they included Bruce Lindenberg as a party appellee along with the Metropolitan Plan Commission of Marion County, Indiana, Board of Zoning Appeals.

Following oral argument this court granted permission to both sides to file special briefs on the entire matter of jurisdiction and the respective rights of the parties involved. In support of their respective answers appellants and appellees supplied the court with additional authorities.

It is clear that Bruce Lindenberg was not a party to the action below and should not have been named as such in appellants' assignment of errors here on appeal. The court below did not rule on the motion to dismiss, nor did it rule on certain other pleadings filed by appellants and by the appellee, The Metropolitan Plan Commission of Marion County, Indiana, Board of Zoning Appeals. It was clearly improper for Bruce Lindenberg, who was not made a party to this action, to file such a motion. It is equally clear that being the owner of the property involved, he was a necessary and indispensable party and should have been made such by the appellants in the court below. The appellees in their supplemental briefs cited two recent cases which in the opinion of this court are controlling on this particular point. We reiterate the rule of those opinions as previously cited in the companion case, *Walter A. Noblitt, et al.* v. *The Metropolitan Plan Commission of Marion County, Indiana, Board of Zoning Appeals, et al., supra.* It states:

"In two recent opinions this court has clearly held that when a petition for writ of certiorari is brought to review an action of the Board of Zoning Appeals, which had granted a variance to certain landowners, those parties which received the grant are necessary and indispensable parties and must be named as party defendants. *Kupfer et al.* v. *Board of Zoning 'Appeals* (1959), 130 Ind. App. 55, 162 N. E. 2d 110; *McArdle et al.* v. *Board of Zoning Appeals* (1960), 131 Ind. App. 5, 167 N. E. 2d 608."

It is also the opinion of this court as was held in the companion case that the court below erred in failing to cause all of the necessary and indispensable parties to be joined in this action. The Code of Civil Procedure clearly states:

". . . when a complete determination of the controversy can not be had without the presence of other parties, the court *must* cause *them* to be joined as proper parties. . . ." [Acts 1881 (Spec. Sess.), ch. 38, §24, p. 240] (Burns' 1946 Replacement, §2-222). (Our emphasis.)

When it becomes obvious that all proper parties are not present, as has been held by both this court and the Supreme Court of this state, it becomes not only a "must" but an imperative duty of the court to order into court those parties upon its own motion. *Chumley* v. *Roland et al.* (1959), 129 Ind. App. 264, 156 N. E. 2d 106, 108; *State ex rel. Schumacher* v. *Adams Circuit Court, etc., et al.* (1947), 225 Ind. 200, 202, 73 N. E. 2d 689; *Jones* v. *Vantress* (1864), 23 Ind. 533.

Had the court below ruled on the pleadings filed by the parties, and had it taken proper cognizance of the omission of necessary and indispensable parties in both this cause and that of its companion case, these appeals might have been avoided.

In our opinion, since the court below made judgment without indispensable parties, the judgment is void. However, this appeal will lie for the sole purpose of setting it aside. *Bryant et al.* v. *Owens* (1953), 232 Ind. 237, 111 N. E. 2d 804; see also Flanagan, Wiltrout and Hamilton's Indiana Trial and Appellate Practice, §2126, ch. 40, and cases cited therein.

This cause is now remanded to the trial court with instructions to set aside its previous order and judgment.

Cooper, J., and Myers, J., concur.

Ryan, J., not participating.

NOTE.—Reported in 172 N. E. 2d 583.