The LINCOLN NATIONAL LIFE IN-
SURANCE COMPANY, Appellant
and Cross–Appellee,

v.

John W. OVERMYER and Elizabeth
Overmyer, Appellees and
Cross–Appellants.

No. 91A04–8709–CV–287.

Court of Appeals of Indiana,
Fourth District.

Dec. 1, 1988.

John W. Houghton, Stanley C. Fickle, Barnes & Thornberg, Indianapolis, Lewis D. Dellinger, Dellinger Dellinger & Smith, Monticello, for appellant and cross-appellee.

James P. Buchanan, Buchanan & Buchanan, Lebanon, for appellees and cross-appellants.

MILLER, Presiding Judge.

The Lincoln National Life Insurance Company appeals the granting of summary judgment against it and the denial of its own motion for summary judgment in a dispute with John and Elizabeth Overmyer involving the priority of competing security interests in a certain parcel of land. We reverse.

## ISSUE

Lincoln raises several issues. We need address only one of these because it demands we reverse and remand with instructions to the trial court to enter summary judgment in favor of Lincoln granting its mortgage priority over the Overmyers' vendor's lien.

Whether the Overmyers have waived the priority of their vendor's lien by conveying Meeker title to the real estate in question by general warranty deed for the express purpose of enabling him to give Lincoln a first mortgage—which he did—on the real estate?

## FACTS

John W. and Elizabeth Overmyer originally owned the real estate which is the subject of the dispute today. They sold this real estate by land contract to Arthur C. Meeker; Meeker's obligations under this contract were never completely satisfied. Meeker sought to obtain a loan from Lincoln secured by this real estate.

In order to facilitate the loan, the Overmyers gave Meeker title to the property by general warranty deed to enable him to give Lincoln a first mortgage on the real estate. The Overmyers orally agreed, in consideration for making the conveyence, to accept $600,000 cash from the loan proceeds (less than the $1,050,000 payoff balance of their land contract). Also, unbeknownst to Lincoln, the Overmyers orally agreed to accept a second mortgage on the real estate in question or a first mortgage on certain real estate near Burnettsville owned by Meeker from Meeker to secure the unpaid balance of the land contract.

On the basis of these undisputed agreements, Meeker recorded his deed and Lincoln recorded its mortgage; Lincoln loaned Meeker $1,200,000 of which $600,000 was directly disbursed to the Overmyers. Meeker gave a second mortgage to the real estate in question to the First National Bank of Logansport and never got around to giving the Overmyers any other security for the unpaid balance of the land contract.

Meeker died. Lincoln and the Overmyers filed claims against his estate. Lincoln also filed an action to foreclose its mortgage on the real estate; its claim, principal and interest, amounted to $1,662,429.60 as of August 31, 1985. The Overmyers asserted a vendor's lien on the real estate in question based upon the unpaid balance of the original land contract which amounted to $640,479, principal and interest. The parties stipulated the fair market value of the land was insufficient to satisfy even the principal amounts of the two loans.

Lincoln and the Overmyers filed cross motions for summary judgment. The trial court granted the Overmyers' motion and denied Lincoln's, giving the Overmyers' security interest priority over Lincoln's. Upon Lincoln's motion to correct errors, the court amended its judgment and established priority as follows:

Lincoln—first $600,000;

Overmyers—next $450,000 plus interest;

Lincoln—any remaining proceeds to satisfy claim for interest

## DECISION

Our standard of review for summary judgment is well settled. The purpose of summary judgment procedure is to terminate litigation of a cause about which there can be no factual dispute and which may be determined as a matter of law. The burden is on the proponent of a summary judgment to demonstrate the absence of any genuine issue as to a material fact. All doubts and fair inferences are to be resolved in favor of the opponent. The sole question is whether a legitimate and material factual controversy was shown to exist within the substantive and procedural

posture of the case. *Stumph v. Foster* (1988), Ind.App., 524 N.E.2d 812.

A vendor's lien arises by implication of law in favor of a grantor to secure the payment of the unpaid purchase price when real estate is conveyed and all or part of the purchase price is not paid. It continues to exist until the debt is paid or otherwise discharged. *Old First Nat. Bank & Trust Co. v. Scheuman* (1938), 214 Ind. 652, 13 N.E.2d 551.

A vendor's lien, like any other right, may be abandoned or waived. The burden of proving such waiver rests upon the party seeking to defeat the vendor's lien. Proof of waiver requires clear and satisfactory evidence the vendor intended to abandon or waive his lien. *Id.*

On the uncontested facts presented, the Overmyers have waived, as a matter of law, any claim of priority as against Lincoln because they (1) knowingly and deliberately conveyed and warranted the real estate to Meeker (2) with the knowledge that Meeker would mortgage it (3) in order to obtain a loan whereby the Overmyers would receive $600,000. *Pittman v. Max H. Smith Farms, Inc.* (1987), Ind.App., 506 N.E.2d 1139 (*trans. denied* ).

In *Pittman,* vendor Pittman conveyed real estate to Wilson by a warranty deed to enable Wilson to secure a debt owed to appellee Smith. Pittman's and Wilson's written agreement provided (1) the purposes of the agreement were to enable Wilson to obtain a 10 year, $100,000 mortgage from Smith and to provide additional income to Pittman, (2) Wilson was to reconvey the real estate to Pittman in ten years, (3) Wilson was to pay Pittman $4,200 down and $350 a month for the next ten years and (4) Pittman retained all farming and income rights for the ten-year period. Wilson defaulted on his obligations under Smith's mortgage and the Wilson/Pittman agreement. Smith brought a foreclosure action; Wilson asserted a vendor's lien. We held Smith's mortgage had priority over Wilson's vendor's lien because Wilson had waived his priority by agreement. The Pittmans agreed to receive payments in exchange for allowing their property to be used as "security for a mortgage. This necessarily entails putting the property at risk of foreclosure." *Id.* 506 N.E.2d at 1141. "An individual may waive the priority of his lien by agreement.... The Pittmans exchanged their priority rights in the property for a fee. The Smith mortgage is superior to the Pittmans' claim to the property.... Any interest the Pittmans had in the property can vest only after the Smith mortgage is satisfied." *Id.* 506 N.E.2d at 1142 (citations omitted).

The Overmyers argue they did not waive their lien because, while they agreed with Meeker to take $600,000 and a second mortgage on the real estate for the unpaid balance price (or a mortgage on some other property), Meeker never gave them the promised second mortgage (or any other mortgage). They rely on the following language in *Scheuman, supra,* for the proposition that all of the provisions of an agreement must be completed as a requisite of waiver:

"... we do not think that this fact would amount to a waiver of the lien. There is no evidence that any mortgage was ever given on the real estate described except the mortgage existing at the time of the sale. *The waiver,* if any, would only be the extent of the mortgage made and *would not take effect unless the mortgage was in fact made.* In the case of *Jones v. Vantress,* 23 Ind. 533, this court said: *'The agreement to receive a mortgage was no waiver of the lien until the mortgage was executed and delivered.'* " *Id.* 214 Ind. at 667, 668, 13 N.E.2d 557 (emphasis added).

The Overmyers' reliance on *Scheuman* is misplaced. *Scheuman* involved the rights of an unpaid vendor as against the *vendee,* not as against a third-party mortgagee. In *Scheuman,* the Old First National Bank was, through corporate mergers, the successor of The Tri State Loan & Trust Company. Tri State had sold real estate consisting of an office building to Citizens Trust Company. Citizens Trust was in receivership and appellee Scheuman was its receiver. The real estate had been sold

under a contract which provided for deferred payments and on which a balance of $180,000 remained unpaid at the time of the receivership. Looking through the formalities (*i.e.*, Old First National Bank's successorship to the rights of the vendor Tri State, and the vendee Citizen Trust Company's receivership), *Scheuman* in effect presented a straightforward vendor's claim to enforce a vendor's lien against a *vendee* who had defaulted on the purchase price.

The issue was whether the vendor had waived its vendor's lien against the *vendee* merely by authorizing the vendee to mortgage the property—although the vendee had in fact *not* mortgaged it. The *Scheuman* decision supports Lincoln's position because our supreme court stated, in dicta:

> "The waiver, if any, *would* only *be [to]* *the extent of the mortgage made....*" *Id.* 214 Ind. at 667, 13 N.E.2d at 551 (emphasis added) "[And if a mortgage had been given the] lien will still attach to the equity of redemption of the vendee, and upon the surplus." *Id.* 214 Ind. 668, 13 N.E.2d 551 (emphasis added).

In the instant case, the Overmyers agreed with their vendee, Meeker, that he could mortgage the real estate on the condition that $600,000 of the mortgage loan proceeds be paid to the Overmyers, with the Overmyers being aware that the loan would not be made unless the lender acquired a first lien on the real estate. Applying our supreme court's statements in *Scheuman* to these facts, the Overmyers waived their vendor's lien *"to the extent of the mortgage made" to Lincoln.* The Overmyers' vendor's lien, though not lost, attached only to Meeker's equity of redemption and any surplus remaining from the proceeds of the mortgage foreclosure sale after the proceeds have been applied in discharge of Lincoln's mortgage lien.

Under the authority of *Pittman* and *Scheuman,* we find Lincoln's mortgage has priority over Overmyers' vendor's lien because the Overmyers waived their priority by agreement. We reverse the summary judgment in favor of the Overmyers and remand with instructions that the trial court grant Lincoln's motion for summary judgment.

CONOVER, P.J., and ROBERTSON, J., concur.