## ROSE ET AL. *v.* CHICAGO, LAKE SHORE AND SOUTH BEND RAILWAY COMPANY.

### [No. 22,476. Filed May 20, 1914.]

1. APPEAL.— *Record.— Bill of Exceptions.— Filing.—* The original bill of exceptions containing the evidence is not properly in the record on appeal, where it merely appears that the trial judge approved, signed and sealed the same and ordered it to be made a part of the record, since by the express provisions of §657 Burns 1914, Acts 1897 p. 244, it must also be made to appear that such original bill was filed with the clerk of the trial court or in open court. p. 659.

From Laporte Superior Court; *Cornelius R. Collins,* Special Judge.

Action by the Chicago, Lake Shore and South Bend Railway Company against Paul Rose and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*McAleer Bros. & Bradon* and *McAleer Bros. & McGirr,* for appellants.

*F. J. Lewis Meyer,* for appellee.

SPENCER, J.—Suit by appellee to condemn certain lands belonging to appellants for use in the construction of an interurban railroad and depot. Such proceedings were had as resulted in a judgment in favor of appellee, from which this appeal is prosecuted.

Each of the questions which appellants seek to present, requires a consideration of the evidence given in the cause, but we are met at the threshold of the case by appel-

1. lee's contention that what purports to be the original bill of exceptions containing the evidence, is not properly in the record and therefore that no question is presented for our determination. The record in this connection shows that the reporter's longhand transcript of the evidence was filed in the office of the clerk of the Laporte Superior Court in vacation following the term of said court at which trial was had. On the same day it was presented for approval and signature to the trial judge who took the matter under advisement and subsequently approved the same as the original bill of exceptions containing the evidence. The judge's certificate shows that the bill of exceptions was then "signed, sealed and ordered made a part of the record in this cause", but nowhere does it appear that the same ever was filed with the clerk after it was signed by the judge. The statute (§657 Burns 1914, Acts 1897 p. 244) which authorizes the use of original bills of exceptions on appeal expressly provides "That it shall appear from the record that such bill was presented to the proper judge of the trial court for settlement and signature within the time permitted by law and that allowed by the court, and that the same was signed by the judge and filed with the clerk of said trial court or in open court". In the record before us, there is nothing to indicate that what purports to be the bill of exceptions was filed in open court at any time or

that it was filed with the clerk after it had been approved and signed by the trial judge. That part of the judge's certificate which we have above quoted serves only to authorize the clerk to file the bill of exceptions when the same is properly presented to him, but there is no showing here that such step was taken. This was necessary in order to. make the bill of exceptions a part of the record. *Rector* v. *Druly* (1909), 172 Ind. 332, 88 N. E. 602; *Richardson* v. *Dawson* (1901), 157 Ind. 187, 60 N. E. 1085; *Guirl* v. *Gillett* (1890), 124 Ind. 501, 24 N. E. 1036.

No question is properly presented for our determination and the judgment of the trial court must be affirmed. An examination of the record, however, convinces us that the same result would be reached if the case should be considered on its merits. Judgment affirmed.

NOTE.—Reported in 105 Ind. 241. See, also, 2 Cyc. 1041.