SMITH ET AL. *v.* GERNER

[No. 17,820. Filed April 28, 1949.]

*Michael F. Bohland,* of Batesville; and *Robert A. Peak,* of Milan, for appellants.

*Cecil C. Tague,* of Brookville; and *Frank Hamilton,* of Greensburg, for appellee.

WILTROUT, J.—Appellee brought this action against appellants for malicious prosecution. From an adverse verdict and judgment for $2,000 the appellants prosecute this appeal.

The only error assigned which presents any question for review is the overruling of appellants' motion for a new trial. Certain other errors are assigned, but they are such as should be assigned as grounds for a new trial, and in fact, are so assigned in the motion for a new trial.

Appellant complains of the giving of an instruction by the court on its own motion, and of the refusal to give certain of appellants' tendered instructions.

Appellants' brief does not set forth the objections made in the trial court to the instruction so given, and does not set forth or recite all the instructions that were given. Rule 2-17 of the Supreme Court provides:

"The brief of appellant shall contain short and clear statements disclosing:
". . .
"(e) A concise statement of so much of the record as fully presents every error and exception relied upon . . . When error is predicated on the giving or refusal of instructions the statement must recite all of the instructions that were given."

The brief of appellants is not sufficient to present any question as to the instructions. *Alford* v. *Reid* (1944), 222 Ind. 137, 52 N. E. 2d 357; *Kitch, Administrator* v. *Moslander* (1943), 114 Ind. App. 74, 50 N. E. 2d 933.

The motion for new trial also charges that the verdict of the jury is contrary to law; that it is not sustained by sufficient evidence; and that the court erred in overruling appellants' motion for a directed verdict. Appellants make no contention that the verdict is contrary to law for any reason other than those which might be disclosed by an examination of the evidence. Therefore a decision as to all these propositions necessitates a consideration of the evidence.

Appellee contends that no question is presented because the general bill of exceptions containing the evidence is not properly in the record, the same not having been filed with the clerk as required by Rule 2-3 of the Supreme Court. That rule provides:

"Every bill of exceptions tendered prior to the filing of the transcript in the appellate tribunal shall, if correct, be signed by the judge and filed

with the clerk, which filing may be evidenced by an order book entry or the clerk's certificate."

The filing of the bill of exceptions containing the evidence is not evidenced by any order book entry, or certificate of the clerk. It does not bear the clerk's file stamp, nor is there any other evidence that it was filed.

The certificate of the judge appears on the last page of the transcript. It certifies:

"that the foregoing typewritten transcript of the evidence, so taken and reported, as aforesaid, contains all of the evidence given in said cause, with the objections made thereto, and the rulings of the court on said objections, and the exceptions taken thereto; and the same is now embodied in and made a part of a bill of exceptions; and on the 10th day of September, 1948, and within the time allowed by the court, so to do, the defendant tendered this, his bill of exceptions which contains the typewritten transcript of the evidence, so taken as aforesaid, and prayed that the same might be signed, sealed, and made a part of the record in this cause; which is accordingly done, this 10th day of September, 1948, and the same is ordered to be certified by the clerk of this court, without copying, as a part of the record in this cause."

The certificate of the judge, being a part of the bill of exceptions, is itself not shown to have been filed, and in any event would not be sufficient to show the filing of the bill. *Hunter* v. *Stump* (1948), 118 Ind. App. 84, 76 N. E. 2d 696.

The certificate of the clerk appears on the page before the judge's certificate and certifies that:

"the above and foregoing is a true and correct copy of Transcript in Cause No. 10,400, in the Matter of A. B. Gerner vs. Frank L. Smith and Noah C. Straber, doing business under the name and style

of the S. & S. Oil Company, Batesville, Indiana, and Frank L. Smith, as an Individual, as the same appears of record in Civil Order Book PPP at pages 416, 519 and 532; Civil Order Book QQQ at pages 21, 50, 147, 186, 198, 281, 423 and 434; Civil Order Book SSS at pages 199, 238, 296, 298, 340, 353, 380, 447, 488 and 488, in this office, and of which I am legal custodian."

This certificate makes no reference to the bill of exceptions or the filing of the same, and does not purport to authenticate, or certify to, all of the papers filed in the case.

This court is reluctant to decide a case other than on the merits, but the rules of the Supreme Court are binding on this court as well as on the parties. *Thompson* v. *C. C. C. & St. L. Rwy. Co.* (1938), 105 Ind. App. 97, 11 N. E. 2d 81; *Yiatros* v. *Cole* (1946), 117 Ind. App. 19, 68 N. E. 2d 657.

We are compelled to hold that the evidence is not in the record and that no question is presented for our consideration.

Judgment affirmed.

NOTE.—Reported in 85 N. E. 2d 516.