FINDLING *v.* FINDLING.

[No. 19,847. Filed January 3, 1963. Rehearing denied February 7, 1963. Transfer denied June 6, 1963.]

*L. Owen Bolinger, Bolinger & Zirkle,* of Kokomo and *Arch N. Bobbitt,* of Indianapolis, for appellant.

*Albert W. Ewbank,* of Indianapolis, *Wayne Wimmer,* of Elwood and *Thurman Biddinger,* of Marion, for appellee.

COOPER, C. J.—The appellee brought action against appellant for divorce, alimony and custody and support of the children of the parties. The court found generally for appellee and granted her a divorce, alimony, custody of the children and allowance for their support. Appellant's motion for a new trial, the overruling of which constitutes the sole assigned error, charges that (1) the decision of the court is not sustained by sufficient evidence; and (2) the decision of the court is contrary to law.

At the outset appellee asserts that the general bill of exceptions containing the evidence is not properly in the record. If this assertion is meritorious, no question is presented for our consideration since the errors assigned require a consideration of the evidence.

Rule 2-3, 1949 revision, Rules of the Supreme Court, provides:

> "Every bill of exceptions tendered prior to the filing of the transcript in the appellate tribunal shall, if correct, be signed by the judge and filed with the clerk, *which filing may be evidenced by an order book entry or the clerk's certificate."* (Emphasis supplied.)

The rule is neither complicated nor indefinite. Under the rule, the bill of exceptions, in order for it to become a part of the record, must be initially presented to the trial judge and by him settled and signed, and thereafter the same must be filed with the clerk. Such filing with the clerk of the

bill of exceptions must be evidenced by one of the alternate methods specified in the rule, viz: an order book entry or the certificate of the clerk. Of course, both of said methods may be, and often are, utilized for the purpose of evidencing the filing of the bill.

The appellant offers no contention that the transcript contains any order book entry showing the filing with the clerk of the bill of exceptions. He insists that his praecipe called for the entire record; that the judge's certificate recites that, "the court . . . having found the same (bill of exceptions) to be true and correct, does now settle the same and sign and seal the same and does now order said bill of exceptions filed and made a part of the record in this case, all of which is now finally found and accordingly done this 17th day of May, 1962"; and that the clerk's certificate recites that:

> "the above and foregoing attached transcript contains full, true, correct, and complete copies or the original of all papers, orders, entries and proceedings done and judgment rendered made and had in the above entitled cause pursuant to the request contained in the praecipe filed herein and I now certify to said transcript as being true, full, complete and correct in accordance with said praecipe as shown by the records of the Grant Circuit Court on file and of record in my office,"

and that said praecipe and certificates "are clearly sufficient to present the bill of exceptions to the court for decision of this cause."

It must be noted that none of said certificates shows that the bill of exceptions was actually filed in the clerk's office or on what date the same was filed therein, if, in fact, it was so filed. There is nothing to indicate that the bill was

filed with the clerk after it had been approved and signed by the trial judge. The judge's certificate is a part of the bill of exceptions. See *Hunter* v. *Stump* (1948), 118 Ind. App. 84, 86, 76 N. E. 2d 696; *Smith* v. *Gerner* (1949), 119 Ind. App. 247, 250, 85 N. E. 2d 516; *John's Cash Furn. Stores Inc., et al.* v. *Mitchell* (1955) (T. D. 1956), 126 Ind. App. 231, 234, 235, 125 N. E. 2d 827. There is nothing herein to show that the certificate of the judge was filed with the clerk. *Rose* v. *Chicago, etc., R. Co.* (1914), 181 Ind. 658, 659, 105 N. E. 241, and the certificate of the judge is not sufficient to show the filing of the bill. *Hunter* v. *Stump, supra*; *Smith* v. *Gerner, supra.*

In *Levy* v. *Winget* (1944), 115 Ind. App. 183, 57 N. E. 2d 629, we said, apropos here:

"... we feel that the 1943 Revision (now 1949) of the Rules has so simplified appellate procedure that to relax the clear, definite and simple requirements as to how the filing of a bill of exceptions must be evidenced would amount to an abrogation of the rule and not a mere construction or judicial interpretation thereof. . . . certainly it is essential for us to know that the bill of exceptions containing the evidence that appears in the transcript is the one that was actually filed below, and it does not appear to us unreasonable to require a clear, definite and certain certification thereof where there is no orderbook entry showing such filing."

The necessity of the following rules of procedure is well stated in the Supreme Court opinion of *Hendrickson* v. *State* (1954), 233 Ind. 341, 344, 118 N. E. 2d 493, wherein Judge Bobbitt, speaking for the court, stated: "The rules of procedure must usually be observed by litigants and they may not be ignored by the court."

Courts speak by their records and appellate tribunals can be informed only from the record made up of the entries by the Clerk and the bill of exceptions certified by the trial judge and duly filed. *Philips* v. *State* (1930), 202 Ind. 181, 172 N. E. 904; *Riley* v. *The State* (1897), 149 Ind. 48, 48 N. E. 345.

As the evidence is not in the record, no question is presented by the motion for a new trial and the judgment appealed from must be affirmed.

Judgment affirmed.

NOTE.—Reported in 186 N. E. 2d 892. Transfer denied Landis, Acting C. J., Achor, J., dissents Myers, J., not participating.