MARION J. JACKSON *v.* MELVIN L. JACKSON.

[No. 1-174A11. Filed July 17, 1974. Rehearing denied August 26, 1974. Transfer denied December 16, 1974.]

*Charles W. Edwards, Edwards & Fountain,* of Spencer, for appellant.

*Vernon J. Petri,* of Spencer, for appellee.

PER CURIAM.—This cause is pending before the Court on the Appellee's Motion to Affirm which alleges as cause therefor that all questions sought to be presented by the appellant on appeal require a consideration of the evidence, but that the transcript of the evidence and proceedings at trial was never filed with the clerk of the trial court and made a part of the record.

This was a cause of action for divorce. After trial, the court granted a divorce to the plaintiff-appellant-wife, and divided the marital estate between the parties. The wife's appeal centers around the division of the property. The issues set out in her appellant's brief are as follows:

"1. Whether the decision of the court was contrary to the evidence and constitutes an abuse of judicial discretion in respect to the inadequate award of alimony to the wife and/or the division of property among the parties.

"2. Whether the decision of the court was contrary to law and an abuse of judicial discretion in respect to the inadequate award of alimony to the wife and/or the division of property among the parties.

"3. Whether the method of payment to the wife for her interest in the parties' property constitutes an abuse of judicial discretion."

Each of these issues requires a consideration of the evidence for its decision. The appellee's Motion to Affirm alleges that the transcript of the evidence and proceedings at trial was never filed and thus made a part of the record which is before this Court on appeal.

This Court is, contemporaneously with this opinion, handing down an opinion based upon the appellee's Petition for

Writ of Mandate and Prohibition in Aid of Appellate Jurisdiction, which disposes of this contention, unfavorably to the appellant. In that opinion we hold that the transcript of the evidence and proceedings at trial was not filed with the clerk of the trial court, and we ordered expunged from the records of the Owen Circuit Court an order entered April 2, 1974, *nunc pro tunc* as of January 22, 1974, purporting to show that the same had in fact been filed with the Clerk of the Owen Circuit Court, and therefore been made a part of the record in this appeal.

Having determined that the questions sought to be raised in this appeal require a consideration of the evidence for their resolution, and having decided that the transcript of the evidence at trial was not filed and made a part of the record and therefore is not properly before us in this appeal, it is apparent that the appellee's Motion to Affirm must be sustained.

Rule AP. 7.2 (A) (4) provides as follows:

"The transcript of the proceedings at the trial, including all papers, objections and other matters referred to above shall be presented to the judge who presided at the trial, who shall examine the same and if not true, correct the same without delay, and as finally settled by the court, shall sign the same, certifying to the same as being true and correct in said proceedings, and order the same filed and made a part of the record in the clerk's office."

Former Supreme Court Rule 2.3 provided in part as follows:

"Every bill of exceptions tendered prior to the filing of the transcript in the appellate tribunal shall, if correct, be signed by the judge and filed with the clerk, which filing may be evidenced by an order book entry or the clerk's certificate. When the praecipe directs that a bill of exceptions shall be included in the transcript for appeal the original may be utilized without copying."

In reading these two rules together, we do not perceive that it was the intent of the Supreme Court to change the former practice, wherein after the trial judge settled the bill of exceptions and signed the Judge's Certificate thereto, someone,

usually the appellant's attorney, had to take the bill of exceptions to the Clerk, have it filed and made a part of the record. If this was not done, and the questions sought to be raised on appeal required a consideration of the evidence for their resolution, the Supreme Court consistently held that if the evidence had not been made a part of the record, the reviewing court could not consider it and therefore nothing was presented on appeal.[1]

In the case of *Findling* v. *Findling* (1963), 134 Ind. App. 661, 186 N.E.2d 892, the judge's certificate, as it did in the case now before us, ordered the bill of exceptions filed and made a part of the record in the case. At page 663, the Court stated:

"It must be noted that none of said certificates shows that the bill of exceptions was actually filed in the clerk's office or on what date the same was filed therein, if, in fact, it was so filed. There is nothing to indicate that the bill was filed with the clerk after it had been approved and signed by the trial judge. The judge's certificate is a part of the bill of exceptions . . . (Citations omitted) There is nothing herein to show that the certificate of the judge was filed with the clerk. Rose v. Chicago, etc., R. Co. (1914), 181 Ind. 658, 659, 105 N.E. 241, *and the certificate of the judge is not sufficient to show the filing of the bill.*" (Our emphasis)

In the case of *Perry* v. *Baron* (1972), 152 Ind. App. 29, 281 N.E.2d 544, this Court said:

"The Judge's certificate to the transcript of the evidence approving the same and ordering it to be filed is dated December 13, 1971, four days after the clerk purported to certify the same as having been approved by the Judge and filed. There is no order book entry showing the filing of the transcript of the evidence with the clerk. We have carefully examined every page of the transcript of the evidence, and nowhere does the file stamp of the trial court clerk appear thereon as evidence of its having been filed

1. *Winn* v. *O'Neal* (1957), 236 Ind. 264, 139 N.E.2d 536; *Snider* v. *State* (1954), 233 Ind. 503, 121 N.E.2d 731; *Barnard* v. *Kruzan, et al.* (1943), 221 Ind. 208, 46 N.E.2d 238; See also: *Wiltrout, Indiana Practice,* Vol. 3, § 2288; *Bobbitt, Indiana Appellate Practice,* Vol. 1, Ch. 50; § 4, pp. 480, 481.

with the clerk of the trial court. We, therefore, conclude that the transcript of the evidence was not made a part of the record, is not properly before us, and we cannot decide the issues attempted to be raised by the appellant, all of which require a consideration of the evidence for their decision. Pintozzi et al. v. Small et al., *supra*; Murphy et al. v. Hendrick (1959), 129 Ind. App. 655, 157 N.E.2d 306; Wiltrout, Indiana Practice, Vol. 3, § 2363.

"This Court has previously held that where it is not properly shown that the bill of exceptions was filed, it is not a part of the record on appeal. Coney v. Farmers State Bank (1970), [146] Ind. App. [483], 256 N.E.2d 692; Findling v. Findling (1963), 134 Ind. App. 661, 186 N.E.2d 892.

"Our Supreme Court amended its Rule AP. 7.2, effective January 1, 1971, to require that the transcript of the proceedings at the trial be presented to the trial judge who shall examine the same; if correct, sign the same, and order the same filed and made a part of the record in the clerk's office. Thus, the cases decided before the adoption of the new rules of procedure, which held that the bill of exceptions must be filed with the clerk and the transcript had to evidence the filing of the bill of exceptions with the clerk, are still valid and guide our decision in this case."

In the case of *Taylor* v. *Butt, et al.*, (1972) 154 Ind. App. 196, 289 N.E.2d 159, the Court had before it an appellee's motion to dismiss or affirm in which it was alleged that the bill of exceptions had never been filed with the clerk of the trial court and therefore was not a part of the record. In that case this Court held:

"It has long been held that where it is not properly shown that the bill of exceptions was filed, it is not part of the record on appeal. Findling v. Findling (1963), 134 Ind. App. 661, 186 N.E.2d 892; McCracken v. Hunter (1962), 134 Ind. App. 157, 186 N.E.2d 884. Courts speak only by their records, and an appellate tribunal can only be informed from the record made up of entries by the clerk and the bill of exceptions certified by the trial judge and duly filed with the clerk. Coney v. Farmers State Bank (1970), [146] Ind. App. [483], 256 N.E.2d 692; Findling v. Findling, supra; Philips v. State (1930), 202 Ind. 181, 172 N.E. 904.

"Since all of the specifications of the Motion to Correct Errors require a consideration of the evidence for deci-

sion, and because the evidence is not in the record, appellant has not presented any question to this Court upon which the Court can act. Accordingly, the Motion to Dismiss or Affirm filed by the appellee Andrea Butt is sustained, and the judgment of the trial court is affirmed."

Just as in the above cited cases, the questions raised in this appeal depend upon a consideration of the evidence for their decision. Just as in the above cited cases, the transcript of the evidence at trial was never filed and made a part of the record, and therefore we cannot consider it in this appeal. The appellant therefore has not preserved any question on appeal, which is supported by the record now before us. Accordingly, the appellee's Motion to Affirm must be sustained.

The appellee's Motion to Affirm is sustained, and the judgment of the trial court is affirmed.

NOTE.—Reported at 314 N.E.2d 70.