JAMES ROBERT JOHNSON, CORENA WEBSTER, WILLIAM W. WEBSTER AND GREENCASTLE PRODUCT CREDIT ASSOCIATION *v.* TAYLOR BUILDING CORPORATION, STANDARD FEDERAL SAVINGS AND LOAN ASSOCIATION OF INDIANAPOLIS.

[No. 1-576A70. Filed June 16, 1977. Rehearing denied July 11, 1977.]

*George N. Craig, Craig, Craig & Yelton,* of Brazil, *Lyon & Boyd,* of Greencastle, for appellant.

*William L. McClellan,* of Greencastle, for appellee Taylor Building Corp., *Curtis S. Travis, James T. Burns, Royse, Travis, Hendrickson & Pantzer,* of counsel, of Indianapolis, for appellee Standard Federal Savings and Loan Association.

ROBERTSON, C.J.—This is an appeal by James Robert Johnson (Johnson) from a judgment foreclosing a mechanic's lien and a mortgage lien against real estate owned by him. Johnson has raised six issues for our decision, all of which require the consideration of the evidence for their determination.

The record of the proceedings herein discloses nothing to demonstrate that the transcript of the evidence and proceedings at trial was filed with the clerk of the trial court and thus made a part of the record which is now before us on appeal. We have carefully examined the record of the proceedings, and we do not find an order book entry showing the filing of the transcript of the evidence and proceedings at trial. There are no file marks of the trial court clerk in the transcript of the evidence as some indication that the transcript was filed with him. There is no direct statement in the Clerk's Certificate that the transcript was filed with him. In fact, the Clerk's Certificate carries no caption, either names or cause numbers, to identify it as pertaining to the record in this particular case.

The Judge's Certificate to the transcript recites that the Bill of Exceptions is . . . "signed, sealed and filed and made a part of the record in said cause." However the Judge's Certificate is a part of the bill of exceptions (transcript of proceedings at trial), and the certificate of the judge is not sufficient to show the filing of the

bill. *Jackson* v. *Jackson* (1974), 160 Ind. App. 680, 314 N.E. 2d 70; *Findling* v. *Findling* (1963), 134 Ind. App. 661, 186 N.E.2d 892.

Rule 7.2(A) (4) of the Indiana Rules of Appellate Procedure provides:

> "The transcript of the proceedings at the trial, including all papers, objections and other matters referred to above shall be presented to the judge who presided at the trial, who shall examine the same and if not true, correct the same without delay, and as finally settled by the court, shall sign the same, certifying to the same as being true and correct in said proceedings, and order the same filed and made a part of the record in the clerk's office."

This rule requires, as did former Supreme Court Rule 2-3, that the transcript of the proceedings at trial must be filed with the clerk of the trial court and thus be made a part of that court's records. *Boyd* v. *Ralph Rogers & Co.* (1975), 167 Ind. App. 199, 338 N.E.2d 323.

The reason for the rule is stated in *Taylor* v. *Butt* (1972), 154 Ind. App. 196, 198, 289 N.E.2d 159, 161:

> "Courts speak only by their records, and an appellate tribunal can only be informed from the record made up of entries by the clerk and the bill of exceptions certified by the trial judge and duly filed with the clerk. *Coney* v. *Farmers State Bank* (1970), 146 Ind. App. 483, 256 N.E.2d 692; *Findling* v. *Findling* [134 Ind. App. 661, 186 N.E.2d 892] *supra; Philips* v. *State* (1930), 202 Ind. 181, 172 N.E. 904."

If the transcript of the proceedings at trial does not manifest its having been filed with the clerk of the trial court and made a part of the record there, it is not a part of the record on appeal and cannot be considered by this Court. *Boyd* v. *Ralph Rogers & Co., supra;* and cases cited therein.

Because the record in the case now before us contains no proper showing that the transcript of the proceedings at trial was filed with the Clerk of the Putnam Circuit Court,

it is not properly before us, and therefore, we cannot decide the issues raised by the appellant, all of which require a consideration of the evidence for their determination.

The judgment is affirmed.

Lowdermilk, J., concurs; Hoffman, J. (participating by designation), dissents with opinion.

### DISSENTING OPINION.

HOFFMAN, J.[1]—I dissent from the majority opinion. The majority holds that merely because the clerk did not perform his ministerial duties, placing a file stamp on the transcript and not copying the judge's order in the order book, that the parties are deprived of their right to appeal.

The record filed in the office of the Clerk of the Court of Appeals of Indiana contains the following order signed by the trial judge:

"STATE OF INDIANA
SS:
COUNTY OF PUTNAM

"BE IT REMEMBERED, that on the *16th* day of March, 1976, the Defendant, James Robert Johnson in the case of Taylor Building Corporation vs. James Robert Johnson, Corena E. Webster, William W. Webster and Standard Federal Savings & Loan Assn., being cause No. CV74-505, in the Putnam Circuit Court, presented to the Court the attached and foregoing typewritten Manuscript taken from the Edison Voicewriter incorporated in this Bill of Exceptions and asks that the same be signed, sealed and filed in this cause.

"The Court, having seen and examined the same, finds that the said typewritten manuscript contains all the evidence given in said cause, including original exhibits, if possible, and all the offers of the parties made upon the trial thereof, and all the rulings of the Court thereon; and said Bill of Exceptions is now this *16th* day of March, 1976, signed, sealed and filed and made a part of the record in

---

1. Hoffman, Judge, participating by designation.

said cause; and that it is hereby certified that said Bill of Exceptions embodies and contains all of the evidence given in said cause, including original exhibits.

"IN WITNESS WHEREOF, I have hereunto set my hand and seal this *16th* day of March, 1976.

Francis N. Hamilton, Judge
Putnam Circuit Court"
/s/ FRANCIS N. HAMILTON

In the above order the Bill of Exceptions is signed, sealed and filed and made a part of the record. When the trial judge affixed his signature, that was the action of the trial court. The mere failure to place a file stamp on the document and failure of the clerk to perform a ministerial act of placing the signed order in a docket book does not alter the fact that the Bill of Exceptions was part of the record. The ministerial error could be corrected by a nunc pro tunc entry.

The clerk's certificate which follows the Bill of Exceptions and the trial judge's order reads as follows:

### "CLERK'S CERTIFICATE

"I, Glenn Deem, do hereby certify that I am the duly elected, qualified, and acting Clerk of the Putnam Circuit Court of Putnam County, Indiana, and that the above and foregoing transcript is a full, true, correct and complete transcript of all papers, orders and proceedings done, made and had in the above entitled cause and which transcript of the trial has been duly signed and allowed by the trial judge before the same was filed in said cause, and I now certify to said transcript as being full, true, correct and complete in accordance with said praecipe as shown by the records of the Putnam Circuit Court of which records I am the official custodian.

"IN WITNESS WHEREOF, I have hereunto set my hand and seal of this Court this 16th day of March, 1976.

/s/ GLENN DEEM
Glenn Deem
Clerk of the Putnam Circuit Court
64th Judicial Circuit of Indiana."

The document clearly states that the transcript of the trial has been duly signed and allowed by the trial judge before the *same was filed* in said cause.

Indiana Rules of Procedure, Appellate Rule 15(E) states, in pertinent part:

> "No judgment shall be stayed or reversed, in whole or in part, by the court on appeal for any defect in form, variance or imperfections contained in the record, pleadings, process, entries, returns, or other proceedings therein, which by law might be amended in the court below, but such defects shall be deemed to be amended in the court on appeal;***."

Since the trial court could have amended the entry in the court below the above rule eliminates the deficiency, if any.[2]

Neither party in their briefs disputed that the record submitted to this court was not true and correct. Appellee raises no objection that a file mark or order book entry might be lacking. Both sides are satisfied with the state of the record. Courts should cease searching for antiquated technicalities and decide cases on their merits.

The cases cited in the majority opinion have their roots in the case law decided under the prior rules. New rules were adopted because the old ones were outdated and at times impaired justice rather than expedited it. It is time that the courts read and interpret the present rules as they are written and not by the case law that developed under the prior rules.

The case should be decided on the merits.

NOTE.—Reported at 363 N.E.2d 1067.

---

2. Also, Indiana Rules of Procedure, Appellate Rule 7.2(B), states, in part:

> "The appellant shall designate only those parts of the record to be transmitted to the court on appeal, in which event the other parts shall be retained in the trial court unless therafter the court on appeal shall order, or any party shall request, the transmission of some or all the other parts of the record. Parts which are not transmitted to the court on appeal, shall nevertheless be a part of the record on appeal for all purposes. * * *."

Thus, since the trial judge made the transcript part of the record even if it has not been transmitted the rule makes it properly before this court.