DONNA DAHLBERG, AS ADMINISTRATRIX OF THE ESTATE OF LESLIE R. DAHLBERG, JR., DECEASED v. DR. ROBERT OGLE AND DR. FRANCISCO D. DEOGRACIAS.

(No. 777S524. Filed July 20, 1977.)

*Morris L. Klapper,* of Indianapolis, for appellant.

*Richard J. Darko, John D. Krahulik,* of Indianapolis, for appellee Ogle, *Geoffrey Segar, G. Daniel Kelley, Jr.,* of Indianapolis, for appellee Deogracias.

PER CURIAM—This case arose in the trial court as an action against two physicians whose alleged negligence resulted ultimately in the death of plaintiff's decedent. The case concluded with a judgment for both defendants and plaintiff appealed. The Second District Court of Appeals dismissed upon motions of the appellee physicians because the transcript of the evidence was not shown by the record of the proceedings to have been properly filed with the clerk of the trial court and thereby made part of the record as required by Ind. R.Ap. P. 7.2(A) (4), and because of the failure of appellant's brief to conform to Ind. R. Ap. P. 8.3(A) (7) dealing with the requirement that instructions and objections thereto and specific statements of errors from the motion to correct errors be set out.

The record of proceedings before us contains a transcript of the evidence properly authenticated by the certificate of the court reporter and the judge, and the entire record of proceedings concludes with the final certificate of the clerk. The transcript of the evidence bears no file stamp; the final clerk's certificate does not state that the transcript of evidence was filed; and there is no order book entry which proclaims that the transcript was filed with the clerk. Judge Lienberger's certificate does contain the following statement:

"And this transcript is now, here, on this, the 3rd day of September, 1975, settled, approved, signed and ordered to be and constitute a part of the record of said cause, and the

Clerk of said court is hereby ordered to file the same as a part of the record in said above entitled cause, and *the same is now filed with said Clerk and made a part of the record herein.*" (Emphasis added.)

The Court of Appeals dismissed the case in part because it could find no adequate evidence of filing, and in so determining, it rejected appellant's response to the motion to dismiss including her contention that the judge's certificate proved that act. The Court of Appeals has refused to accept the judge's certificate for this purpose, *Boyd* v. *Ralph Rogers and Company, Inc.,* (1975) Ind. App., 338 N.E.2d 323; *Findling* v. *Findling,* (1963) 134 Ind. App. 661, 186 N.E.2d 892; *Smith* v. *Gerner,* (1949) 119 Ind. App. 247, 85 N.E.2d 516. We turn then to consider whether this result is desirable and should be continued.

In *Walner* v. *Capron,* (1945) 224 Ind. 267, 66 N.E.2d 64, this Court accepted as sufficient a recital in the clerk's certificate at the end of the record to the effect that the transcript had been filed with the clerk. Such recital was not shown by the record of the proceedings to have been supported by any record made and retained in the clerk's office. The certificate itself was not shown by the record of proceedings to have been the subject of any record kept in the clerk's office. For the purposes of evidencing the act of filing with the clerk, recitals in the judge's certificate should be received on the same basis as like recitals in the clerk's certificate. Here there is a direct, affirmative statement under the signature and seal of the court that the transcript of the evidence was filed with the clerk. Such statement sufficiently evidences the proper filing of such document, and therefore this transcript of evidence is properly in the record.

Appellee argues that the certificate of the judge should not be accorded this weight, in that it is an impossibility for the judge to evidence the filing of the transcript before he completes that transcript by affixing his signature to it. This certificate serves two offices. It first settles the transcript, and then chronicles the act of filing. The sequence of events

is proper, and we see no reason for not permitting the merger of the two offices in the certificate.

With regard to the alleged deficiencies in appellant's brief, we find that the instructions argued are set forth verbatim in the statement of facts part of the brief accompanied by record page number citations, and that each instruction is repeated verbatim at the commencement of the argument addressed to it. It is true that the verbatim objections to the instructions are not set out. We find that each argument section commences with a statement of the issue involved in that section. Each such statement is in fact a paraphrase of the error assigned in the motion to correct errors. This brief substantially complies with our rules and is of sufficient cogency that it can be responded to by appellees without undue hardship or extraordinary expense, and therefore we find that dismissal is not warranted on this basis.

The petition for transfer is therefore granted, and the order of dismissal is vacated. Appellees are ordered to file their briefs with this Court in this appeal within thirty days from this date and the briefing of this appeal shall proceed pursuant to Ind. R.Ap. P. 8.1 (a).

NOTE.—Reported 364 N.E.2d 1174.