CITY OF INDIANAPOLIS *v.* WILLIAM INGRAM

[No. 2-476A128. Filed June 15, 1978. Rehearing granted June 15, 1978.]

*David R. Frick*, Corporation Counsel, City of Indianapolis, *William L. Soards, Soards & Carroll*, of Indianapolis, for appellant.

*Rex P. Killian, Paul G. Roland, Ruckelshaus, Bobbitt & O'Connor*, of Indianapolis, for appellee.

## ON REHEARING

BUCHANAN, C.J. — Our previous unpublished opinion handed down October 27, 1977, which has been modified, is hereby ordered to be published.

## CASE SUMMARY

The City of Indianapolis (City) claims numerous errors in the judgment of the trial court reversing a decision of the Indianapolis Police Merit Board (the Board) which dismissed William Ingram (Ingram) from the Indianapolis Police force.

We reverse and remand for further proceedings.

## FACTS

Ingram, an Indianapolis police officer, was involved in an arrest which resulted in his being charged with brutality and the violation of various other police department regulations.[1] After reviewing the incident both

---

1. Ingram was charged with violations of rules 1, 4, 6, 17, 21, 30 and 31 of the Indianapolis Police Department which read as follows:

Rule 1: All officers must obey all (B) proper and lawful orders from their superior officers in the department, whether they be oral or written; (C) Rules and regulations of the department. Indictment, arrest or failure to obey shall subject an officer to disciplinary hearing.

Rule 4: When appearing in court, all officers shall be punctual, dressed properly, and prepared. All officers will also maintain a respectful attitude toward the court and both counsel.

Rule 6: All officers shall be truthful when testifying, making reports, and conducting all police business.

Rule 17: No officer shall treat any person or animal cruelly, use excessive force, or neglect to take any necessary humane actions which circumstances may require.

Rule 21: All officers shall cooperate fully in all police investigations and shall be

the Indianapolis Police Chief and Board of Captains recommended that Ingram be dismissed.

On November 20, 1974, the Indianapolis Police Merit Board (the Board) held a lengthy hearing to consider the charges against Ingram. At that hearing several witnesses testified Ingram had used excessive force in making an arrest, which testimony was contradicted by Ingram and other witnesses who testified in his behalf. It was uncontradicted that he had twice failed to appear at court hearings regarding this arrest and that charges against the prisoners had been dismissed.

At the conclusion of the hearing a Board member made the following statement:

Fred Wilson(board member): "The Merit Board by the majority vote, finds Officer Ingram guilty of all charges, and we hereby order his dismissal from the Indianapolis Police Department."

This decision was not put in writing at the time, although the Deputy City Attorney indicated he would do so at a later time.

On November 27, 1974, Ingram filed suit in Marion Superior Court seeking a review "de novo" of his termination, and a court order reinstating him on the Indianapolis Police Force. The City objected claiming the trial court did not have the statutory authority to hear the matter de novo.

On October 1, 1975, a hearing was held in which the trial court heard some of the same witnesses who had testified at the Board hearing. At the hearing the City introduced the following document into evidence:

---

civil, respectful and cooperative with all members of this department and with officers of other law enforcement agencies.

Rule 30: All officers shall be held responsible for reading, understanding and obeying all rules, general orders, special orders, and bulletins issued by this department.

Rule 31: These rules on conduct are not to be construed as the only guidelines for acceptable behavior. Any conduct that is unbecoming a police officer of the City of Indianapolis shall subject that officer to disciplinary action for violation of this section.

BEFORE THE INDIANAPOLIS POLICE MERIT BOARD

IN THE MATTER OF WILLIAM )
)DICIPLINARY HEARING
INGRAM, POLICE OFFICER. )

## FINDING AND DECISION

The above matter having initially come for hearing before the Board on February 6, 1975, at 4:30 o'clock p.m. and then continued until February 25, 1975, at 4:00 o'clock p.m., by way of referral of the Chief of Police of Indianapolis and concurrence of the Board of Captains to the Merit Board with the recommendation of the Chief that Officer Ingram be discharged from the Indianapolis Police Department.

The charges upon which Officer Ingram was suspended September 5, 1974, *were for the violation of Sections 6.00 and 27.00* of the Rules and Regulations Manual of the Indianapolis Police Department. After the charges were read to Officer Ingram, he pleaded not guilty to all charges and Officer Ingram's attorney, Paul Roland, requested that the charges be dismissed. The Board overruled the request for dismissal.

The evidence before the Board included the testimony of Lt. Tim Martin, Lt. Frank Otto, Lt. Reed Moistner and Sgt. Clarence Grant of the Indianapolis Police Department as well as Richard Leslie, Roy Davis and Joe Whitney, who were witnesses called by the City, and Officer Ray Schaefer, who was called by Officer Ingram and Officer Ingram, who testified in his own behalf.

At the conclusion of the City's evidence, the Board overruled a motion for dismissal of the charges and for reinstatement made by counsel for Officer Ingram.

After hearing the evidence and being duly advised in the premises, the Board found:

1.   That Sections 6.00 and 27.00 of the Rules and Regulations of the Indianapolis Police Department read as follows:

SECTION 6.00:  All officers shall be truthful when testifying, making reports, and conducting all police business.

SECTION 27.00:All officers of the department who recover or come into the possession, custody or control of any lost, stolen, seized or abandoned property

including money, shall be held responsible to properly secure and handle such property or money in conformity with the law and the established procedure of the department.

2. That the above rules and regulations were in full force and effect at all times involved herein.

3. That Officer Ingram was not guilty of violating either of the above Sections of said rules.

IT IS THEREFORE the decision of the Police Merit Board by majority vote that the decision of the Chief of Police and the Board of Captains is hereby overruled and reversed and that *Officer William Ingram shall be and he is hereby ordered reinstated to the Indianapolis Police Department*, subject to the final determination of his previous discharge from the department. (emphasis supplied)

INDIANAPOLIS POLICE MERIT BOARD

The signatures of all members of the Merit Board were affixed to this document. However, the parties assume, and for the limited purposes of this appeal we assume, the decision of the Board considered by the trial court was the decision announced by the Board member, Fred Wilson, at the conclusion of the hearing on November 20, 1974.

After hearing the evidence, reading the transcript of the Board hearing of November 20, 1974, the trial court then made the following findings and judgment:

1. That the plaintiff, William Ingram, was a police officer of the City of Indianapolis, Indiana, on the night of June 13, 1974, on duty, and participating in a lawful arrest.

2. That during and after such lawful arrest one of the two persons arrested, Michael Bennett and Thomas Finch, made allegations of improper police procedure against the plaintiff, Ingram.

3. That the complainants' Bennett and Finch testimony of the conduct of the arrest procedure vary considerably.

4. That the complainant Michael Bennett, at the time of such arrest, was an admitted felon.

5. That two other police officers, R. C. Green and Armaund Robinson, participated in the circumstances of the arrest of Bennett, Finch, Norman Woodford and Henry Perkins.

6. That plaintiff, William Ingram, did not participate in any of the activity involving the arrestees, Woodford and Perkins.

7. That the Board heard evidence against the said Ingram and Officer R. C. Green in the same hearings.

8. That Officer R. C. Green was given a six (6) month suspension as a result of the Board's findings and that plaintiff Ingram was terminated, and that the application of such dissimilar penalties, as applied to the plaintiff Ingram constitutes a violation of equal protection clause of the Fourteenth Amendment.

9. That the Board, at the time of its hearings, was improperly constituted in that it did not have an attorney, admitted to and engaged in the general practice of law in this state as one of its members.

10. That the City of Indianapolis, by its Corporation Counsel, in a memorandum of agreement in the case of *Brewer v. City of Indianapolis*, (1975), U. S. District Court for the Southern District of Indiana, has admitted that Indianapolis Police Department Rules 6.00 and 21.00 are unconstitutional.

11. That Indianapolis Police Department Rule 31 is unconstitutional on its face.

12. That the finding and decision of the Police Merit Board (defendant's Exhibit A) has no relationship to the hearings of the Board as set out in the transcript of the record submitted to the Court.

## CONCLUSIONS OF LAW

1. That the law is with the plaintiff and against the defendant.

2. That the evidence upon which the Police Merit Board of the City of Indianapolis acted in its decision to terminate the services of the plaintiff was devoid of probative value.

3. That the quantum of legitimate evidence adduced against the plaintiff Ingram at said hearings was so proportionately meager that it leads only to the conclusion that the finding of the Board did not rest upon a rational basis.

4. That the plaintiff William Ingram was denied due process of law.

5. That the finding and decision of the Board was contrary to constitutional right, power and privilege.

6. That the finding and decision of the Board was unsupported by substantial evidence.

*JUDGMENT*

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the finding and decision of the Police Merit Board of the City of Indianapolis, Indiana be and is hereby vacated and that this cause is hereby remanded to the Indianapolis Police Merit Board for rehearing by a properly constituted Board in accordance with I.C. 1971 [18-4-12-17], and,

IT IS FURTHER ORDERED that the City of Indianapolis, Indiana be and they are hereby ordered to pay to the plaintiff William Ingram all sums due him as salary and wages from and after the date of his suspension by Chief Kenneth Hale on the charges upon which he was tried by said Board, up to and including the 1st day of October, 1975, and that said City of Indianapolis, Indiana continue to pay the said Ingram said salary up to and including the date upon which a new hearing is afforded to him in accordance with this decision.

*ISSUES*

Because we reverse, the only issues we need consider are:

1. Is the record in this case so fatally defective as to deprive us of jurisdiction to hear this appeal?

2. Did the trial court err in holding a trial de novo?

3. Was the Merit Board properly constituted?

*DECISION*

*ISSUE ONE*

*CONCLUSION* — The record is adequate for us to retain jurisdiction.

As a preliminary issue Ingram vigorously contends that the record presented to this Court is fatally defective because:

(a) There are no order book entries to confirm that the transcript of the Board hearing or trial transcript was filed with the clerk of the court,

(b) The clerk's certificate is incorrectly[2] dated, and

---

2. The clerk's certificate in relevant part reads:

. . .

I further certify that I have incorporated in this transcript the original Bill of

(c)  There are no marginal notations in the transcript of the Merit Board proceeding.

Our Supreme Court in *Dahlberg v. Ogle* (1977), 266 Ind. 524, 364 N.E.2d 1174, disposed of item (a):

For the purpose of evidencing the act of filing with the clerk, recitals in the judge's certificate should be received on the same basis as like recitals in the clerk's certificate. 364 N.E.2d at 1175.

There is a direct statement under the seal and signature of the trial judge that transcripts of the two hearings were part of the official record of the proceeding and ordered same filed with the clerk.

Exceptions containing the evidence in said cause instead of a copy thereof, all as requested by the above and foregoing praecipe. AND THAT SAID BILL OF EXCEPTIONS WAS FILED WITH ME AS CLERK OF SAID COURT ON THE 23RD DAY OF MARCH, 1976.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said court, at my office in the City of Indianapolis this 4th day of February, 1976.

Thomas P. O'Brien Bn
Clerk, Court, Marion County, Indiana

The trial judge's certificate in relevant part reads:

*TRIAL JUDGE'S CERTIFICATE*

I, Gerald S. Zore, Judge of the Superior Court of Marion County, Room No. 7, hereby certify that the above, foregoing, and attached transcript of the proceedings has been examined by me and is found and adjudged to be a true, full and complete transcript of all the evidence introduced and offered in said cause by all of the parties to said action and all of the objections to testimony made at the hearing of said cause and all offers to prove and all rulings of the court on the admission and rejection of evidence at said trial, as certified to by the reporter, Phyllis Butler.

And I further certify that the above and foregoing transcript of the proceedings at the trial of said cause, including the motion to correct errors and all papers filed with the court during the course of the action, are true and correct, and the same are now ordered filed and made a party of the record in the office of the Clerk of the Marion Superior Court.

And this transcript of the proceedings at the trial, including the original transcript of the evidence, is now, here, on this the 23 day of March, 1976, settled, approved, signed, certified and ordered to be and constitute a part of the record of said cause, and the clerk of said court is hereby ordered to file the same as a part of the record in said above-entitled cause, and the same is now filed with said clerk and made a part of the record herein.

IN WITNESS WHEREOF, I have hereunto set my hand this 23 day of March, 1976.

GERALD S. ZORE
Judge, Superior Court of Marion County,
Room No. 7

*Dahlberg* indicates such a certificate is sufficient to give us jurisdiction despite the fact there is no order book entry or entries of filing with the clerk.[3]

As to item (b), the clerk's certificate is acceptable. It recites that the Bill of Exceptions was received and filed, and the certificate is at the end of the record. *See McCracken v. Hunter* (1962), 134 Ind.App. 157, 186 N.E.2d 884. The fact that the clerk's certificate shows receipt of the Bill of Exceptions at a date later than the date of the clerk's certificate is of no great significance. *McCracken v. Hunter, supra.* The date of the judge's certificate is the same as the receipt of the Bill of Exceptions by the clerk, to-wit, March 23, 1976.

And last, we find the Merit Board transcript's marginal notations are sufficient to warrant our consideration. AP. 7.2(A)(3)(a).

*ISSUE TWO*

*CONCLUSION* — The trial court improperly held a trial de novo.

Although IND. CODE 18-1-11-3 provides for a trial "de novo" by the reviewing court, Indiana case law has construed that to mean, "not that the issues at the hearing before the board are heard and deter-. mined anew, but rather that new issues are formed and determined." *City of Mishawaka v. Stewart* (1974), 261 Ind. 670, 677, 310 N.E.2d 65, 68. A reviewing court also may consider whether there was substantial evidence to support the finding or order of the administrative body. The scope of judicial review of the decisions of administrative agencies is limited. *Pendleton Banking Co. v. Dept. of Financial Institutions* (1971), 257 Ind. 363, 274 N.E.2d 705; *Indiana Alcoholic Beverage Commission v. Lamb* (1971), 256 Ind. 65, 267 N.E.2d 161; *Department of Financial Institutions v. State Bank of Lizton* (1965), 253 Ind. 172, 252 N.E.2d 248; *Indiana Alcoholic Beverage Commission v. Johnson* (1973), 158 Ind. App. 467, 474, 303 N.E.2d 64. A court may also determine whether or not the action constitutes an abuse of discretion, and is arbitrary and capricious, as revealed by the uncontradicted facts. *Public Service Commission et al. v. City of Indianapolis* (1956), 235 Ind. 70, 131 N.E.2d 308; *Indiana Board of Pharmacy v. Horner* (1961),

---

3. The transcript of the Merit Board did include the file stamp of the clerk in at least two locations.

241 Ind. 326, 172 N.E.2d 62. Judicial review of administrative actions will generally be denied, however, when there is no final decision or order determining the rights of the parties. *Indiana State Highway Commission v. Zehner d/b/a Zehner Truck & Auto Salvage Company* (1977), 174 Ind.App. 176, 366 N.E.2d 697; *Downing v. Board of Zoning Appeals of Whitley* (1971), 149 Ind.App. 687, 274 N.E.2d 542.

Further, this court and our Supreme Court have repeatedly emphasized the necessity of specific findings of facts upon which an agency bases its decision. *Carlton v. Board of Zoning Appeals* (1969), 252 Ind. 56, 245 N.E.2d 337; *Page v. Board of Commissioners of County of Clay* (1972), 152 Ind.App. 359, 283 N.E.2d 571; *Transport Motor Express, Inc. v. Smith* (1972), 262 Ind. 41, 311 N.E.2d 424.

The trial court in the instant case was given conflicting decisions by the Merit Board. At the close of the Merit Board hearing a board member announced Ingram had been found guilty of all charges and ordered that he be dismissed.[4] However, at trial a document was produced which indicated he was found not guilty of two charges and ordered him reinstated. No findings of fact accompanied either decision.

Without a proper decision of the board there was nothing for the trial court to review, nor could there be a determination of the issues anew. *City of Mishawaka, supra.*

The trial court heard testimony of two of the same witnesses that had testified at the Board hearing. That fact combined with the trial court's findings which went to witness credibility indicates to us that it actually reweighed the evidence. This it may not do. *City of Gary v. Gause* (1974), 162 Ind.App. 97, 317 N.E.2d 887.

*ISSUE THREE*

*CONCLUSION*—The Police Merit Board was properly constituted.

Because the question may arise subsequently in these proceedings, we determine whether the Board was improperly constituted.

---

4. We assume this was actually the result because Ingram filed this action.

IND. CODE 18-4-12-17, in establishing the Police Merit Board, states:

The director *shall endeavor* to appoint to the merit board one (1) experienced person from each of the following fields:

(a) Professional education;
(b) Business administration, police administration or criminology;
(c) Personal administration;
(d) Medicine or psychiatry;
(e) Law — such member *shall* be an attorney admitted to and engaged in the general practice of law in the State of Indiana.
(emphasis added)

The trial court apparently concluded that Agnes Barrett, a law professor whose practice was limited, did not fulfill the requirements of § (e), and thus found the Board improperly constituted.

In construing a statute we begin with the proposition that, "The cardinal rule in construing a statute is to ascertain and give effect to the legislative intent . . ." *State ex rel. Baker v. Grange* (1929), 200 Ind. 506, 510, 165 N.E. 239, 240.

The crucial phrase in this statute is the term "shall endeavor." If that phrase is mandatory as Ingram argues, the decision of the trial court is probably correct. The City asserts that "shall endeavor" is merely directory, and thus non-fulfillment of the requirements is not necessarily fatal.

The term "shall endeavor" is not a term of art. Ordinarily the term "shall" in a statute is used in a mandatory sense. *Wetzel v. Andrews* (1964), 136 Ind.App. 117, 198 N.E.2d 19. Had the legislature intended the language to be merely directory a more descriptive word could have been used, like "may". *State ex rel. Smitherman v. Davis* (1958), 238 Ind. 563, 151 N.E.2d 495.

"Endeavor" is defined by the *Random House Dictionary of the English Language* (1966), to mean: "to exert oneself to do or effect something; to make an effort; strive; (2) to attempt; try." Therefore, we believe the phrase could reasonably be read to mean, "The director shall try to appoint . . ."

Such a construction is consistent with the broad range of powers and discretion vested in the director by other sections of that chapter. *See* IND. CODE 18-4-12-5.

Ingram argues that although the director may have discretion in whom he appoints, the "shall" found in § (e) requires that if he appoints a lawyer he must be one engaged in general practice of law. Thus, he actually suggests that the legislature would allow the appointment of *anyone* to the Board except a lawyer who is not in general practice, i.e., a law professor, judge, or corporate counsel.

In construing legislation, this court must employ a reasonable interpretation of statutory language as a means of discovering the legislature's true goals. It cannot be presumed that our lawmakers expect their enactments to be applied in an illogical or absurd manner. *Pryor v. State* (1973), 260 Ind. 408, 296 N.E.2d 125, 127; *In re the Adoption of Jackson* (1972), 257 Ind. 588, 277 N.E.2d 162, 164. A construction which would preclude a non-practicing attorney from the Board even though such person might qualify under other provisions, and yet allow the appointment of any other individual is illogical.

Moreover, in construing a phrase it is proper and pertinent to examine things such as punctuation, see generally, *2 Sands, Sutherland Statutory Construction* § 47.15 (4th Ed.), and the structure of the statute as a whole. *Sutherland, supra* § 46.05.

"The presumption is that the lawmaker has a definite purpose in every enactment and has adapted and formulated the subsidiary provisions in harmony with that purpose, . . ." *Sutherland, supra* § 46.05.

Ingram proposes that the restriction in § (e) modifies every other clause in that statute. Such a construction fails to take into account the structure of the sentence.

The restriction found in § (e) is in a totally different sentence from clauses (§ (a)- § (d)).[5] We can find no rule of grammar or statutory con-

---

5. The statute in effect reads:

The director shall endeavor to appoint to the Merit Board one experienced person from each of the following fields: (a) professional education; (b) business administration, police administration or criminology; (c) personal administration; (d) medicine, or psychiatry.

The director shall endeavor to appoint to the Merit Board one experienced person from each of the following fields: . . . (e) law — such member shall be an attorney . . . admitted to and engaged in the general practice of law in the State of Indiana.

struction which would allow it to modify these other clauses. Had the legislature intended to apply this restrictive clause to the entire sentence it could easily have done so. Thus, finding § (e) can not limit eligibility based on another clause, at the very least Agnes Barrett could clearly qualify as a professional educator for membership on this board.

In fact, the clause "such member shall be an attorney admitted to and engaged in the general practice of law in the State of Indiana" merely indicates the type of lawyer the director shall endeavor to appoint. The director shall try to appoint a person who is an attorney engaged in the general practice of law. Failing that he may appoint anyone.

So it follows that findings three to eight inclusive are clearly erroneous because they are based on evidence from a hearing de novo, and finding nine is also clearly erroneous as the Board was properly constituted. TR. 52.

We express no opinion as to the findings relating to the constitutionality of the Police Department Rules as no question is raised in this regard.

The Conclusions of Law entered by the trial court should also be set aside because until this matter is remanded to the Board to render a proper decision with adequate findings of fact as provided by law which may then be reviewed by the trial court, there is no basis for any such Conclusions of Law.

Therefore, the petition for rehearing is granted and the judgment is reversed. The trial court is ordered to remand this case to the Board for a determination of its true decision and findings of fact in support thereof, and for such other proceedings as may be consistent herewith.

White, J. Concurs.

Lybrook, P.J. (by designation) Concurs.

NOTE — Reported at 377 N.E.2d 623.