DAY TRANSFER, INC., Appellant
(Respondent Below),

v.

E. H. HAMILTON TRUCKING &
WAREHOUSE SERVICE, INC.

and

State of Indiana, Office of the Public
Counselor, Appellees (Intervenors
Below).

No. 2–1279A400.

Court of Appeals of Indiana,
First District.

Aug. 19, 1980.

Robert B. Hebert, Harrison & Moberly, Indianapolis, for appellant.

Joseph P. Murdock, Smith & Murdock, Jan Helbert, Public Counselor, Theodore L. Sendak, Atty. Gen., Indianapolis, for appellees.

ROBERTSON, Presiding Judge.

This is an appeal by Day Transfer, Inc. (Day Transfer) from an order of the Public Service Commission of Indiana (PSC) revoking its operating authority under a cer-

tificate of public convenience and necessity. Pursuant to *Ind.Code* 8–1–3–1, the error alleged on appeal is that the order is contrary to law. More specifically, Day Transfer alleges that the order is defective because PSC did not follow alleged statutory procedures in revoking its permit; and, secondly, that the revocation was an abuse of discretion.

We affirm.

Day Transfer first argues that the order of revocation is contrary to law because PSC allegedly did not follow statutory procedures in revoking the permit.

The entire proceeding below began with the filing on September 11, 1978, of a formal complaint by E. H. Hamilton Trucking & Warehouse Service, Inc. (Hamilton) for the investigation and termination of unlawful and unauthorized transportation in intrastate commerce by a motor vehicle. Apparently, this complaint was filed under authority of IC 8–2–7–6 which reads in pertinent part:

· Upon complaint in writing filed with the commission or upon the commission's own initiative without complaint, the commission may *investigate* whether or not any person subject to the provisions of this act has failed to comply with any provisions of this act or with any requirement established pursuant thereto.

If the commission, after notice and hearing, finds upon any such investigation, that such person has failed to comply with any such provision or requirement, the commission shall issue an appropriate order to compel such person to comply therewith. [Emphasis added.]

Before the hearing date, apparently because Day Transfer had not complied with a discovery order of the PSC, a motion was filed on January 12, 1979, by Hamilton requesting the PSC to institute a complaint for revocation of all certificates and permits. This motion was apparently filed under authority of IC 8–2–7–32 which reads:

Any certificate or permit, upon application of the holder thereof, in the discre-

tion of the commission, may be amended or revoked in whole or in part, or may, upon complaint or on the commission's own initiative, after notice and hearing, be suspended, changed or revoked in whole or in part for wilful failure to comply with any provision of this act, or with any lawful order, rule or regulation prescribed by the commission, or with any term, condition or limitation of such certificate or permit: Provided, That in any cause instituted by the commission on its own initiative, the burden shall be on the carrier to show cause why said certificate or permit should not be suspended, changed or revoked in whole or in part and the commission, by its authorized representative, may introduce evidence in said hearing.

Thus, the record indicates that the first hearing was a consideration of both the complaint for investigation and the motion to institute a complaint to revoke. The hearing culminated in an order which outlined various findings of unlawful trucking and failure to comply with discovery by Day Transfer and an order of a further hearing for Day Transfer to show cause why its permits and certificates should not be revoked. The second hearing resulted in a recommendation for revocation by the hearing officer, which was accepted in full by PSC.

■ Day Transfer argues that the PSC's order is contrary to law because it did not follow what Day Transfer considers to be the proper statutory procedure. This alleged proper procedure is that an IC 8–2–7–6 "order to comply," or "cease and desist" order must first be issued and then willfully violated under IC 8–2–7–32 before a holder's certificate or permit can be revoked. Day Transfer's argument relies heavily on federal procedure before the Interstate Commerce Commission. However, as Hamilton points out, the federal statutes contain an explicit provision for this procedure that is missing from the Indiana Motor Carrier Act of 1935.[1] We find this crucial omission

---

1. 49 U.S.C. § 312 reads in relevant part, (after following the language of IC 8–2–7–32):

*Provided however,* That no such certificate, permit or license shall be revoked (except upon

from the Indiana Act decisive, as the statutes clearly give no intent that an IC 8–2–7–6 order must be a condition precedent of an IC 8–2–7–32 hearing and order to revoke. The two statutes give two separate powers to the PSC. IC 8–2–7–6 provides for investigation of a failure to comply with the Act with the remedy of an order to compel such a person to comply. IC 8–2–7–32 provides for the power to amend or revoke a certificate or permit for willful failure to comply with the Act, order, rule, regulation or any term, condition or limitation of a certificate. There is no reason to prohibit the PSC from proceeding under both statutory powers at once, as it apparently did here in the first hearing, as long as the respondent is aware of the dual nature of the proceeding. PSC here did begin the proceeding as an investigation, which on the motion of Hamilton, expanded to a consideration of beginning proceedings for revocation. The only outcome of the hearing was certain findings and an order for a further hearing to show cause why not to revoke under IC 8–2–7–32. We can see no reason why PSC, in its judgment, cannot make the decision, after what is in effect an investigatory hearing, to immediately begin revocation hearings. Day Transfer has been afforded due process of law.

The second error alleged is that the PSC abused its discretion in revoking Day Transfer's entire permit for what is alleged to be a violation of only a part of its permit.

The findings of the PSC show a holder who refused to respond effectively to the discovery process, who willfully engaged in numerous instances of operating outside its authority and who engaged in deceptive practices to cover up the unlawful operations. We do not agree with Day Transfer's characterization of its activities as in "good faith".

 A court may determine whether or not the action of an administrative agency is an abuse of discretion, and is arbitrary and capricious, as revealed by the uncontradicted facts. *City of Indianapolis v. Ingram*, (1978) Ind.App., 377 N.E.2d 877 (on rehearing). There is substantial evidence in the record to support the PSC's findings of willful and deliberate unauthorized operations and failure to comply with discovery proceedings ordered by PSC. We also note under IC 8–2–7–32, in a proceeding begun by the PSC to show cause why not to revoke, the burden is on the respondent.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.

the application of the holder) unless the holder thereof willfully fails to comply, within a reasonable time, not less than thirty days, to be fixed by the Commission, with a lawful order of the Commission made as provided in Section 304(c) of this title, commanding obedience to the provision of this chapter, or to the rule or regulation of the Commission thereunder, or to the term, condition or limitation of such certificate, permit or license, found by the Commission to have been violated by such holder: