Donald AUSTIN, Appellant
(Defendant Below),

v.

John C. THRAPP, et al., Appellee
(Plaintiff Below).

No. 3-1081A251.

Court of Appeals of Indiana,
Third District.

Jan. 25, 1983.

Robert E. Kabisch, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellant.

Mark S. Pantello, Ronald L. Sowers, Sowers & Benson, Fort Wayne, for appellee.

ON PETITION FOR REHEARING

STATON, Judge.

A jury found against Donald Austin in a wrongful death action. His appeal of the award is found in our opinion *Thrapp v. Austin* (1982), Ind.App., 436 N.E.2d 1170. In that opinion we noted that Austin had failed to preserve any alleged error regarding the trial court's final instructions because he had not complied with Ind.Rules of Procedure, Appellate Rule 8.3(A)(7). Austin had failed to set out verbatim his objections to the instructions and he had failed to set out verbatim one of the instructions.

On rehearing, Austin cites *Dahlberg v. Ogle* (1977), 266 Ind. 524, 364 N.E.2d 1174 and *Ernst v. Sparacino* (1977), 177 Ind.App. 610, 380 N.E.2d 1271 for the proposition that substantial compliance with the appellate rules is sufficient to preserve error. Austin argues that he substantially complied with the appellate rules; therefore, he did not waive the alleged error of the trial court refusing his tendered instructions.

In *Dahlberg,* our Supreme Court found an appellant's brief to be in substantial compliance with the appellate rules when the argued instructions were set forth verbatim in the statement of the facts part of the brief accompanied by record page number citations and each instruction was repeated verbatim at the commencement of the argument addressed to it. Each argument section commenced with a statement of the issue involved in that section. The Supreme Court found that each such statement was in fact a paraphrase of the error assigned in the motion to correct errors.

Each instruction was not set forth verbatim in Austin's brief. Austin also attempted to argue faults with the instructions that he had not raised at the trial court level. This cannot be construed as a paraphrase of the error assigned in the motion to correct errors. Austin has failed to substantially comply with the appellate rules.

Petition for rehearing denied.

HOFFMAN, P.J., and GARRARD, J., concur.